Granton Stanwood McHENRY, Appellee,

v.

PEOPLE OF the STATE OF CALI-
FORNIA, Appellant.

No. 24750.

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1971.

Rehearing Denied Sept. 30, 1971.

Eugene A. Wright, Circuit Judge,
dissented and filed opinion.

Michael J. Kelly, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal. Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellant.

Raoul D. Kennedy (argued), Oakland, Cal., for appellee.

Before ELY, WRIGHT, and TRASK, Circuit Judges.

PER CURIAM:

McHenry is a California state prisoner. On October 10, 1960, he was convicted on a charge of having violated section 261, subd. 1 of California's Penal Code (statutory rape). He was released on parole on April 25, 1963, and subsequently, on January 28, 1965, was convicted for having violated section 12021 of California's Penal Code (possession of a concealed weapon by a person "who has been convicted of a felony"). Because of this later conviction, his parole was revoked by the California authorities, and his term of imprisonment on the 1960 offense was refixed at the maximum.

After exhausting his state remedies, McHenry filed an application for habeas relief in the District Court. His petition was denied, and he appealed to this court. Pursuant to that appeal, the cause was remanded so that the District Court might conduct an evidentiary hearing on the allegations made by McHenry in his petition. McHenry v. Wilson, 403 F.2d 711 (9th Cir. 1968).

The District Court appointed counsel to represent McHenry, conducted the required evidentiary hearing, and thereupon determined that the 1960 conviction was invalid. This determination was based upon the court's conclusion that certain rights guaranteed to McHenry under the federal constitution had been infringed to such an extent that the 1960 conviction was fatally corrupt. The court thereupon granted McHenry's petition for habeas relief and ordered his full release from California custody. The State appeals, urging that the District Court erred (1) "in ordering appellee's discharge because he is validly in

custody under a conviction which was not affected by the court's voiding of his conviction for statutory rape" and (2) "in failing to afford the State of California a reasonable opportunity to retry appellee for the crime of statutory rape."

We reject the first contention upon the authority of Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the decision of our own court in United States v. Thoresen, 428 F.2d 654 (9th Cir. 1970), and the Second Circuit's opinion in United States v. DuShane, 435 F.2d 187 (2d Cir. 1970). In reaching this conclusion, we have not overlooked our decision in United States v. Liles, 432 F.2d 18 (9th Cir. 1970). The majority believes that *Liles* is clearly distinguishable, for there, as was not true in *Thoresen* and in the present case, the prior conviction was held invalid, not on any federal constitutional ground but because the evidence was insufficient. *See* United States v. Duke, 423 F.2d 387 (5th Cir. 1970). Consequently, the precise question presented in *Liles* was only whether it was the intention of Congress, in enacting 18 U.S. C. App. §§ 1201–1203, a portion of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, to make it an offense for one under a prior conviction for a felony to possess weapons, where, after such possession, the prior felony conviction was reversed because of insufficient evidence. Thus the *Liles* court could, and did, properly confine its discussion to the intention of Congress in enacting the Omnibus Crime Control and Safe Streets Act of 1968.

The second point made by the State is well taken. We think the appropriate California authorities should be allowed a reasonable period of time within which to retry McHenry on the alleged 1960 offense, should they wish to do so. We also believe that a period of sixty days from the date of the issuance of this court's judgment should be a sufficient time within which any such retrial should be commenced. If California should decide not to begin any such retrial, or if McHenry is acquitted in such retrial begun within that period, then the District Court's Order shall thereupon become final and fully effective. If McHenry is again convicted of the alleged 1960 offense in a trial commenced within the specified time, and such fact is thereupon brought to the attention of the District Court, the District Court will vacate the Order from which this appeal is taken and reconsider the validity of McHenry's claim for habeas relief.

Remanded, with directions.

EUGENE A. WRIGHT, Circuit Judge (dissenting):

Respectfully, I disagree and dissent. This case should not be controlled by Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) or United States v. Thoresen, 428 F.2d 654 (9th Cir. 1970) but by United States v. Liles, 432 F.2d 18 (9th Cir. 1970).

The defendant in *Liles* was convicted of a violation of the Omnibus Crime Control and Safe Streets Act of 1968, making it unlawful for anyone convicted of a felony to possess a firearm. Liles had been convicted of a felony in February 1969. In October of that year, he displayed a gun while shopping for a holster, was charged, tried and convicted on February 26, 1970. His earlier felony conviction had been reversed by the Court of Appeals for the Fifth Circuit on the previous day for lack of sufficient evidence.

On appeal from the weapons conviction, Liles argued that Congress intended to punish possession of firearms only where the prior enabling conviction was eventually sustained at the appellate level. We disagreed and said that:

"Congress did not intend to exempt from section 1202(a) (1) one whose status as a convicted felon changed after the date of possession, regardless of how that change of status occurred. (*Cf.* DePugh v. United States

(8th Cir. 1968), 393 F.2d 367)."
*Liles,* 432 F.2d at page 20.

After oral argument, we invited supplemental briefs and a discussion of *Liles.* The parties have been unable to distinguish it from the case before us, nor can I.