Michael **PASTERCHIK**, Petitioner-Appellant,

v.

**UNITED STATES**, Respondent-Appellee.

No. 26759.

United States Court of Appeals, Ninth Circuit.

Aug. 28, 1972.

Michael Pasterchik, in pro. per.

Sidney I. Lezak, U. S. Atty., Michael Morehouse, Asst. U. S. Atty., Portland, Or., for respondent-appellee.

Donald S. Chisum, Atty., University of Washington, Seattle, Wash., amicus curiae.

Before HAMLIN, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM:

In this appeal, which we deemed suitable for disposition without oral argument under Rule 3(a), U.S.Ct. of App. 9th Cir. Rules, Pasterchik seeks a reversal of the District Court's Order denying his 28 U.S.C. § 2255 motion. He contends that the court erred by overlooking important defects in his two convictions and refusing to vacate them. We agree that one of Pasterchik's convictions should be vacated, but as to the other, we agree with the District Court's decision that the conviction should stand.

██ In 1968, Pasterchik was convicted of violating 15 U.S.C. § 902(e) [possession of a firearm by a felon] and (g) [interstate transportation of a stolen firearm]. He received two concurrent sentences of three years' imprisonment. We affirmed the convictions. Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968). After the trial was completed, the prior state felony conviction which supported the conviction under § 902(e) was vacated on constitutional grounds. Pasterchik argues that the § 902(e) conviction must therefore also be vacated. Since he raised this point promptly after the state conviction was vacated, we agree. McHenry v. California, 447 F.2d 470 (9th Cir. 1971); United States v. Thoresen, 428 F.2d 654 (9th Cir. 1970).

██ We disagree, however, with Pasterchik's contention that his § 902(g) conviction must be vacated because the evidence proffered by the prosecution was insufficient. It is true that our opinion deciding his direct appeal stated that "[this] contention has merit," 400 F.2d at 702, but that dictum is not binding upon us. After a more thorough review of the record, we have concluded that the evidence, when viewed in the light most favorable to the Government, was sufficient. The jury was justified in determining, from the evidence and its inferences, that Pasterchik knowingly stole the pistol before he transported it from Nevada to Oregon, where he was arrested.

Pasterchik's conviction under 15 U.S. C. § 902(e) is vacated, but we affirm the District Court's Order insofar as it rejected Pasterchik's attack upon his conviction under 15 U.S.C. § 902(g).

So ordered.