James R. DAMERON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 73–2778.

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1974.

Cecil M. Burglass, Jr., New Orleans, La., for petitioner-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., Marshall Tamor Golding, Asst. U. S. Atty., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before TUTTLE, GEWIN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

We hold that a person can successfully attack collaterally a conviction under 18 U.S.C.A. § 922(g)(1) for interstate transportation of a firearm by a convicted felon when his counselless state felony conviction has been subsequently voided under the constitutional principles of Gideon v. Wainwright, 372

U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Dameron was convicted of transporting a .38 caliber Derringer pistol in interstate commerce from Louisiana to Natchez, Mississippi in June, 1970, in violation of Section 922(g)(1) which provides:

It shall be unlawful for any person—

. . .

(1) . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . . . . .

to ship or transport any firearm or ammunition in interstate or foreign commerce.

Dameron had been previously convicted on a guilty plea of burglary and grand larceny in Arkansas in 1951 and had fully served his time for those offenses.

After his arrest in June, 1970 but before his indictment in January, 1971 on the federal firearms charge, Dameron received a full pardon from the Governor of Arkansas for his prior state offenses. He was nevertheless tried and convicted by a jury of this federal charge on the basis of the state convictions, and was sentenced to five years imprisonment. This Court affirmed his conviction holding that the subsequent pardon did not alter his status as a convicted felon at the time that he transported the firearm. United States v. Dameron, 460 F.2d 294 (5th Cir.), cert. denied, 409 U.S. 882, 93 S.Ct. 168, 34 L.Ed.2d 137 (1972).

The statutory prohibition was triggered by his status as a convicted felon, a status which did not change until the pardon was received. The pardon simply came too late to save appellant from this charge. Compare United States v. Liles, 432 F.2d 18 (9th Cir. 1970).

460 F.2d at p. 295.

Subsequently, following Arkansas procedure, defendant obtained an order from the state court in which he was previously convicted setting aside his 1951 state convictions *ab initio* on the federal constitutional ground that his convictions were based upon uncounseled guilty pleas.

Thereafter petitioner filed this 28 U.S.C.A. § 2255 motion asking that his federal firearms conviction be set aside on the ground that it was predicated upon unconstitutional prior state convictions. The District Court, holding that the subsequent state order did not alter Dameron's status at the time he transported the firearm, any more than had the subsequent pardon from the Governor, denied the motion. We reverse.

Apparently conceding that if the state action voiding the convictions had preceded the transportation of the firearm, no crime could have been committed under Section 922(g)(1), the Government contends that a person, once having been convicted of a felony, cannot carry a firearm in interstate commerce without violating the federal firearms statute until he has obtained an official expungement of that past conviction. The Government argues, in effect, that after February 19, 1973 when the state court order was entered voiding the conviction, Dameron could carry a firearm in interstate commerce without offending Section 922(g)(1), but before that date he could not.

The Government recognizes that the only three circuits of the United States Court of Appeals presented with this precise question have, in effect, decided contrary to the Government's position.

In Pasterchik v. United States, 466 F.2d 1367 (9th Cir. 1972), the Ninth Circuit vacated a conviction under 15 U.S.C. § 902(e) (1964).[1] Promptly after the prior state conviction which supported the federal conviction for interstate transportation of a firearm by a

1. 15 U.S.C. § 902(e) (1964) was repealed by § 906 of the Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, 82 Stat. 197, 234. Interstate transportation of a firearm by convicted felons is now unlawful under both 18 U.S.C.A. § 922(g)(1), the statute involved in the present appeal, and 18 U.S.C.A. App. § 1202(a).

felon had been vacated on constitutional grounds, the defendant raised the point in a 28 U.S.C.A. § 2255 motion.[2]

McHenry v. California, 447 F.2d 470 (9th Cir. 1971), involved a petition for writ of habeas corpus from a state prisoner who had been convicted under a California law prohibiting possession of a concealed weapon by a person who had been convicted of a felony. After an evidentiary hearing, the District Court concluded that certain rights guaranteed to McHenry under the federal Constitution had been infringed to such an extent that the prior felony conviction was void. The Ninth Circuit held that California therefore was required to release the defendant from the firearms conviction unless it retried and convicted him of the prior felony charge. Judge Wright dissented on the ground that the case was indistinguishable from United States v. Liles, 432 F.2d 18 (9th Cir. 1970).[3]

In United States v. Thoresen, 428 F.2d 654 (9th Cir. 1970), the Ninth Circuit considered a direct appeal in which, after being indicted under 15 U.S.C. § 902(e) (1964), the defendant had attempted to establish the invalidity of a prior Maine felony conviction in both state and federal courts in Maine. Relief had been denied, however, because defendant was not "in custody." The Court held that Thoresen was entitled to an opportunity, at the trial on the federal firearms charge, to negate an essential element of the crime by establishing the constitutional invalidity of the underlying Maine conviction.

United States v. Lufman, 457 F.2d 165 (7th Cir. 1972), was a direct appeal from a conviction under 18 U.S.C.A. App. § 1202(a) for possession of a firearm by a convicted felon. The defendant argued as a defense that the conviction asserted by the Government as proof of his status as a convicted felon was constitutionally void under *Gideon.* The Seventh Circuit held that, since the prior conviction was constitutionally void at its inception, Lufman was not a convicted felon at the time of possession and the use of such a conviction in a proceeding under Section 1202(a) was reversible error. It distinguished United States v. Liles, *supra,* on the ground that Liles' conviction "was not void 'at its incipiency,' but voidable, since it was pending determination on appeal, and its subsequent reversal was not based on a finding of constitutional defect." 457 F.2d at p. 168.

In United States v. DuShane, 435 F.2d 187 (2d Cir. 1970), the Second Circuit considered the constitutional defects in the Oklahoma conviction which was an "integral part of the crime" charged under 15 U.S.C. § 902(e) (1964). The Court held that the parties correctly assumed that a constitutionally invalid prior conviction could not be the basis of a conviction under Section 902(e).

The Government does not seek to distinguish these cases, but argues that their holdings are based upon a misunderstanding of the relevant considerations and hence should not be followed. The Government contends that the statute is not punitive, but merely classifies those persons who may not transport firearms in interstate commerce, as a matter of legislative gun control. It makes a two-pronged argument: that the legislative intent requires official expungement of past convictions as a precondition to lawful access to firearms and that there is no constitutional impediment to effectuate that intent.

**2.** Although the Court's opinion parenthetically explains Pasterchik's unlawful act as "possession of a firearm by a felon," 466 F.2d 1368, such conduct was not within the ambit of 15 U.S.C. § 902(e) (1964) which covered only transportation or shipment in interstate commerce. The Court's opinion on Pasterchik's direct appeal reveals that he was in fact charged with interstate transportation. *See* Pasterchik v. United States, 400 F.2d 696, 697, 701 (9th Cir. 1968).

**3.** *Liles* affirmed a conviction under 18 U.S.C.A. App. § 1202(a) for possession of a firearm by a felon although the defendant's previous felony conviction had been reversed for lack of sufficient evidence the day before he was convicted under Section 1202(a).

■ The Government would have us read Section 922(g)(1) to make unlawful interstate transportation of firearms by any person who has an existing, unexpunged record of a felony conviction, whether constitutionally or unconstitutionally obtained. We need not reach the Government's argument that there is no constitutional impediment to such a provision. Nor need we look further than the statute to determine legislative intent. The statute should explicitly set forth application to unconstitutional convictions, if it is so intended. We read the statute to prohibit the interstate transportation of firearms by those who have been *constitutionally* convicted of a felony. It is the fact of the conviction which Congress utilizes for classification purposes and the cases are legion which hold that a conviction in violation of *Gideon* is void, and not a conviction at all. It cannot be judicially used for any purpose.[4] We are precluded from following the course in *McHenry*, which would have preserved the firearm conviction if defendant were retried and convicted by Arkansas in accordance with constitutional precepts. The defendant has served his sentence on the Arkansas conviction and is not subject to retrial.[5]

The legal rationale of the retrospective application of *Gideon* may be theoretical in most instances, but the bedrock of the principle of retrospective application is that the defendant would not have been convicted if he had had counsel. Viewed in this way, it can be readily seen that, in the eyes of the law, the defendant, although convicted without counsel, would not have been a convicted felon with counsel, and therefore would not be in the prohibited status at the time of transportation.

■ The Government quite properly argues that a person's guilt or innocence is not the test of congressional power to control firearms, citing United States v. Brown, 484 F.2d 418 (5th Cir. 1973). In *Brown* we held former 15 U.S.C. § 902(e) (1964),[6] prohibiting interstate transportation of firearms by a person under indictment, constitutional. The prohibition was held to involve neither an arbitrary classification nor a violation of an individual's presumption of innocence. *Brown* also held that "the crime under § 902(e) is complete when a firearm is carried in interstate commerce by a person then under indictment," even if the indictment is later found invalid. *Id.* at 424. We do not ground our decision on Dameron's innocence of the state crime, however, but on the meaning of the words of the statute which we hold do not cover a person whose felony conviction is unconstitutional.

Reversed.

4. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (*Gideon* violative convictions cannot be used either to support guilt or to enhance punishment under a recidivist statute); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (Resentencing required when sentencing court took into consideration convictions obtained in violation of *Gideon*); Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 49 (1972) (Convictions void under *Gideon* may not be used to impeach defendant on cross-examination).

5. It might be well to point out that the Government did not proceed under the indictment provision of the statute in this case, nor has it argued that the defendant is in some status of an indicted but unconvicted felon.

6. This section, like 15 U.S.C. § 902(g) (1964), was repealed in 1968. *See* note 1, *supra.* It has been replaced by 18 U.S.C.A. § 922(g),(1).