**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alonzo MAGGARD, Defendant-Appellant.**

No. 77–3125.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 13, 1977.

Decided and Filed April 17, 1978.

Thomas E. Clay, Louisville, Ky., pro se.

Albert Jones, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and GRAY,* District Judge.

EDWARDS, Circuit Judge.

Appellant Alonzo Maggard was found guilty of possessing a firearm while being a convicted felon, in violation of 18 U.S.C. App. § 1202(a)(1) (1976). On this appeal his principal contention is that he was entitled at his federal trial to litigate a claim that the state felony conviction, which was the predicate offense, was constitutionally invalid because he had been deprived of effective representation by counsel.

The evidence at his trial on the federal offense, which the jury had a right to believe (and did), showed that Maggard had a shotgun in his lap at the time of his arrest for drunk driving. The government also introduced evidence that Maggard had been previously convicted of a felony (possession of a concealed deadly weapon) on a plea of guilty in the Circuit Court of Fayette County, Kentucky.

▪ Maggard claims that his plea of guilty to the Kentucky offense had been induced by his counsel telling him that he would be placed on probation as a result of his plea of guilty to the state offense, whereas in fact, he received a sentence of three years. He asserts that the federal district judge in the instant case "erred in refusing to conduct a hearing and suppress the defendant's (prior state court) conviction."

It is clear from this record 1) that Maggard had never appealed his prior state conviction, 2) that he did unsuccessfully attack this conviction in state post-conviction proceedings alleging the same grounds as are alleged here, but abandoned his appeal to Kentucky's highest court, and (3) that the claimed unconstitutionality of the Kentucky conviction was not apparent from the record of the conviction itself. Hence, for the first time this court has before it the suggestion that a collateral attack upon an otherwise presumptively valid state felony conviction can be made and must be heard and decided prior to determination of a charge of possession of a firearm by a convicted felon, in violation of § 1202.

* Honorable Frank Gray, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation.

The general issue with which we are confronted has recently divided the United States Court of Appeals for the Third Circuit, *United States v. Graves,* 554 F.2d 65 (3d Cir. 1977). The majority of the en banc court in considering a § 1202 conviction held:

By contrast, it is not at all clear that Graves was deprived of any constitutional right during his state trial on the auto larceny charge. Indeed, we have considerable doubt whether the state proceedings did contravene the due process clause in any respect.

Had Graves' conviction been invalidated on constitutional grounds prior to the alleged violation of § 1202, there would have been no basis for imposing the statutory disability on him. Likewise, had that disability been lifted by executive action, for constitutional or other reasons, again there would be no justification for the disability. Nevertheless, the restriction here was a continuing one, a status derived from the fact of conviction and a failure to abide by the resultant weapons prohibition. There would appear to be no ground to deem such restriction a nullity, merely because Graves, having been apprehended on the gun charges, then claimed for the first time that its source was defective.

*United States v. Graves, supra* at 80–81.

The challenge to the constitutionality of the prior felony in the *Graves* case involved a legal question as to whether appropriate procedures to protect a juvenile in the process of waiver to an adult criminal court had been employed in accordance with *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). The dissenting judges argued that such a violation was comparable to the violation of constitutional rights dealt with by the Supreme Court in the seminal case of *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). We feel, however, that our instant fact situation is easily distinguishable from *Burgett.* In *Burgett* a Tennessee state conviction was introduced in a Texas criminal trial where a recidivist statute call for augmented punishment on proofs of prior felonies. The Supreme Court's opinion said, "In this case *the certified records of the Tennessee conviction on their face* raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void." *Burgett v. Texas, supra* at 114, 88 S.Ct. at 261 (emphasis added). In our instant case it is clear that appellant's prior conviction is not "presumptively void." The most appellant can assert in relation to it is that it might be held void if he now saw fit again to initiate post-conviction procedures in Kentucky and (if unsuccessful) in the federal courts.[1]

Like the majority of the Third Circuit in *Graves,* we agree that such Congressional intent as may be deduced from the statutory language and the legislative history of § 1202 indicates that Congress intended to make the proof of the fact of a prior felony conviction the sole predicate for the prohibition against possession of a weapon. We have no doubt, however, that the Supreme Court, as the final authority on the interpretation of the United States Constitution, has the right to hold, as it did in *Burgett v. Texas, supra,* that proof of a prior conviction for purposes of affecting a criminal penalty is not supplied by documents which on their face demonstrate a presumption of constitutional invalidity.

The burden of proof of a prior conviction is clearly upon the government, and we do not believe that that burden would be discharged by proofs which show facial invalidity or by reliance on a conviction which had previously been reversed or had been expunged under the terms of the Youth Corrections Act, 18 U.S.C. § 5021 (1976). *See United States v. Fryer,* 545 F.2d 11 (6th Cir. 1976).

---

1. He could also have sought a pardon from the President or the Governor of Kentucky that specifically restored his right to carry weapons (*see* 18 U.S.C.App. § 1203(2) (1970)) or applied to the Secretary of the United States Treasury for relief from the weapons disability. *See* 18 U.S.C. § 925(c) (1970).

On the other hand, we do not believe that Congress or the Supreme Court has required or suggested that a court to which a § 1202 indictment is assigned for trial must routinely retry the constitutional validity of the predicate offense. Congress and the Supreme Court have established an elaborate mechanism for post-conviction vindication of federal constitutional standards by exhaustion of state remedies and federal habeas corpus petitions. 28 U.S.C. §§ 2241–2255 (1970); *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). *See also Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Failure of a convicted felon to employ these remedies would leave his felony conviction presumptively valid, absent the sort of obvious invalidity which the Supreme Court noted in *Burgett v. Texas, supra.*

Cases which have reached results which we consider supportive of or consistent with the views expressed above include: *United States v. Graves,* 554 F.2d 65 (3d Cir. 1977); *United States v. Liles,* 432 F.2d 18 (9th Cir. 1970). *See also Cassity v. United States,* 521 F.2d 1320 (6th Cir. 1975), and *United States v. Ransom,* 545 F.2d 481 (5th Cir. 1977), concerning firearms convictions under the related statute, 18 U.S.C. § 922(a)(6) (1976).

As to the cases relied upon by appellant, we note that the Fifth Circuit's decision in *Dameron v. United States,* 488 F.2d 724 (5th Cir. 1974), was based upon prior conviction proofs which had subsequently been held constitutionally invalid *ab initio* in state court habeas corpus proceedings for reasons similar to those in *Burgett v. Texas, supra.* We recognize, however, that the holding of the case is phrased in language which might be read as supporting a general right to relitigate the constitutional validity of any prior conviction at any § 1202 trial. So read, the holding reaches a result with which we respectfully disagree. Simi-larly, we respectfully disagree with the Ninth Circuit's opinion and result in *United States v. Pricepaul,* 540 F.2d 417 (9th Cir. 1976).

Appellant, in effect, also asks this court to reexamine and overrule its decision on the interstate commerce nexus required for conviction under § 1202. This issue was recently and carefully examined and decided in *United States v. Jones,* 533 F.2d 1387 (6th Cir. 1976). We adhere to the views expressed there, which the District Judge in this case relied on in his charge, and which have recently met approbation in the Supreme Court. *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977).

No other material issue is presented. The judgment of conviction is affirmed.