UNITED STATES of America, Appellee,

v.

George Calvin LEWIS, Jr., Appellant.

No. 78–5073.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1978.

Decided Jan. 24, 1979.

Andrew W. Wood, Richmond, Va. (J. Hatcher Johnson, Jr., White & Wood, P. C., Richmond, Va., on brief), for appellant.

---

* Wilson Cowen, Senior Judge, United States Court of Claims, sitting by designation.

N. George Metcalf, Asst. U. S. Atty., Richmond, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., G. Wingate Grant, Student Asst. to the U. S. Atty., on brief), for appellee.

Before WINTER, Circuit Judge, COWEN,* Senior Judge, and RUSSELL, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

█ This appeal presents for decision whether a defendant, charged as a convicted felon with the possession of a firearm in violation of § 1202(a)(1), 18 U.S.C. App., may defend by claiming for the first time that his felony conviction was constitutionally invalid. The facts giving rise to this question in this case are not in dispute. The defendant does not deny on this appeal the receipt and possession of a firearm. Neither does he dispute his earlier conviction in Florida or that such conviction is facially valid. It is further conceded that prior to his receipt and possession of the firearm and prior to his trial in this case, he had not collaterally attacked in any post-conviction proceeding this extant conviction. He does claim as his sole defense, though, that his felony conviction was invalid because he was denied the assistance of counsel, and he sought to offer evidence in support of such claim. The district court refused to admit any such evidence and held that, in a prosecution under § 1202(a)(1), the defendant may not defend by seeking at trial to impeach on constitutional grounds his earlier felony conviction. After conviction, he appealed, contending that this ruling, denying him the right to attack collaterally his earlier felony conviction in his § 1202(a)(1) prosecution was in error. We perceive no error in the ruling and affirm the conviction.

The Gun Control Act, an integral part of the Omnibus Crime Control and Safe Streets Act of 1968,[1] was intended to bar

---

1. The Omnibus Crime Control and Safe Streets Act of 1968 consists of two Titles relating to

certain classes of persons from possessing or receiving firearms and to limit possession of firearms to "persons who are responsible and law-abiding."[2] The right of Congress, in the interest of public safety, to enact such legislation and to establish the classifications of persons who might not possess firearms has never been questioned. *United States v. Samson* (1st Cir. 1976) 533 F.2d 721, 722, *cert. denied* 429 U.S. 845, 97 S.Ct. 126, 50 L.Ed.2d 116. Congress has identified in that Act as a class not permitted to possess or receive firearms "[a]ny person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony." § 1202(a)(1). What Congress intended by this section, as the legislative history as well as the statutory language itself makes clear, is that any person within this status class of a convicted felon, whose conviction was not facially invalid and whose conviction had "not been invalidated as of the time the firearm is possessed", is subject to the statutory prohibition stated in § 1202(a)(1), and this is true though his "status as a convicted felon changed after the date of possession, *Regardless of how that change of status occurred.*" (Italics added) This was the construction given the statute by Judge Hufstedler in the earliest case to consider the application of § 1202(a)(1). *United States v. Liles* (9th Cir. 1970) 432 F.2d 18, 20.[3]

In *Liles,* the defendant's conviction under § 1202(a)(1) was affirmed "notwithstanding the fact that the prior conviction, which was an essential element of the firearms conviction, was reversed one day before he was convicted of the firearms offense. It was there held that Liles' possession of the revolver was unlawful for *one of his* status at the time he possessed it. It was not made lawful by the subsequent reversal of his prior felony conviction."[4] The rule in *Liles* would seem to be applicable, whatever the basis on which the felony conviction may subsequently have been reversed or invalidated. This would include subsequent invalidation for constitutional error in the conviction.

We apprehend no legal difference between a subsequent reversal for a denial of a constitutional right and one based on some other error; both are equally invalid. It must be conceded, however, that the equities are more in favor of the defendant whose felony conviction is subsequently reversed on appeal for insufficiency of evidence than one whose conviction is reversed for failure to afford counsel to the defendant.[5] In the former case, the defendant is acquitted and found never to have been

---

**2.** *Barker v. United States* (10th Cir. 1978) 579 F.2d 1219, 1226.

**3.** In *McHenry v. People of State of California* (9th Cir. 1971) 447 F.2d 470 at 471–472, an entirely different panel of this Circuit sought, over a strong dissent to restrict *Liles* to the situation where "the prior felony conviction was reversed because of insufficient evidence" and not where it was reversed for some consti-

the possession of firearms. § 922 is a part of Title IV and § 1202 is a part of Title VII. Title IV was the original firearm section but Title VII was added during Senate consideration of the Act and was intended, according to its author, to complement Title IV. There is of course considerable overlap of the two Titles but each was seeking to deal with the same evil under similar prohibitory procedures. For a discussion of the legislative history of the two Titles, *see United States v. Bass* (1971) 404 U.S. 336, 341–346, 92 S.Ct. 515, 30 L.Ed.2d 488 and *Hyland v. Fukuda* (9th Cir. 1978) 580 F.2d 977, 979, note 3.

tutional defect. 447 F.2d at 471. For reasons later stated herein, it appears to us that one whose conviction is invalidated for want of evidence stands in a stronger position than one whose conviction is reversed and remanded for another trial because of a constitutional defect. We agree with the comment of the dissenting judge in *McHenry,* who wrote (447 F.2d at 472):

"After oral argument, we invited supplemental briefs and a discussion of *Liles.* The parties have been unable to distinguish it from the case before us, nor can I."

**4.** (Italics in opinion) This summarization of the ruling in *Liles* is taken from *Barker, supra* (579 F.2d at 1226).

*Liles* was followed in *United States v. Williams* (8th Cir. 1973) 484 F.2d 428, 430, even though the conviction in that case had been dismissed.

**5.** *See, United States v. Williams, supra,* 484 F.2d at 430.

guilty; in the latter, the conviction is merely reversed and the defendant is subject to retrial and possible conviction anew. Unquestionably, the defendant in the latter case, who has not been found guilty, should have no greater right than the defendant in the former case, who was adjudged not guilty. That is, though precisely the position of the appellant.

This position of the appellant is contrary to the manifest legislative purpose of § 1202(a)(1) and related legislation, as we declared it in *United States v. Allen* (4th Cir. 1977) 556 F.2d 720. In that case, we said that by its firearms legislation "Congress intended to restrict the disposition of firearms to those with *standing* felony convictions *even though the convictions may later be found constitutionally invalid.*" [6] This construction of the legislation as stated in *Allen* was also expressed by the Court in *United States v. Graves* (3d Cir. 1977) 554 F.2d 65, 69, a case cited with approval in *Allen*. In that case, the Court said:

"These materials (*i. e.,* '(a) the language of the statutes, (b) the legislative history, and (c) the opinions of other courts which have endeavored to interpret the statutes') suggest that the legislative draftsmen desired persons with extant, though arguably unconstitutional, convictions to forbear from the purchase and possession of firearms until their convictions are voided by the courts or until they are freed from such disability by executive action. Failure to so refrain was intended to subject such persons to the penalties specified in the Act."

Assuredly Congress never intended that prosecutions under this legislation should be encumbered with collateral issues attacking the validity of a facially valid conviction, either because, as in *Williams,* the conviction had subsequently been reversed on account of insufficiency of evidence, or, as

here, because of a constitutional claim of denial of counsel. So much we declared in *Allen,* where we said that "[t]he scheme [of prosecution under the legislation] adopted by Congress avoids the time-consuming collateral issues." [7] This view as set forth in *Allen* was recently upheld in *United States v. Maggard* (6th Cir. 1978) 573 F.2d 926. In that case, the Court said that "the legislative history of § 1202 indicates that Congress intended to make the proof of the fact of a prior felony conviction the sole predicate for the prohibition against possession of a weapon" and neither "Congress [nor] the Supreme Court has required or suggested that a court to which a § 1202 indictment is assigned for trial must routinely retry the constitutional validity of the predicate offense." [8]

The appellant argues that, irrespective of legislative. purpose, a conviction under § 1202(a)(1), which includes as an essential element a felony conviction, cannot stand if it can be shown in the 1202 prosecution that the defendant's constitutional right to counsel was denied at his felony conviction. This, he asserts, is the command of *Burgett v. Texas* (1967) 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, which, in his view, makes the felony conviction "void from the outset" and not usable "for any purpose." This argument, if sustained, would mean that the Government, at any time a defendant chooses to raise the issue, would be obligated to prove in a firearms prosecution that the underlying felony conviction was free of constitutional error. *Allen* refused to read *Burgett* "so broadly" or to find, as the defendant would argue, "that a conviction in violation of *Gideon* is absolutely meaningless" in this context. [9] We declared there that Congress had a right to prohibit a person subject to an extant felony conviction, "even though * * * obtained in violation of *Gideon*," from possessing a firearm. We said:

6. (Italics added.) 556 F.2d at 722.

7. 556 F.2d at 723.

  *Allen,* it is true, involved a false statement prosecution under § 922(a)(6) and not a status prosecution such as here but the quoted reasoning is equally applicable to either type of

prosecution and has been generally so construed. *See, United States v. Bryant* (D.S.C. 1978) 448 F.Supp. 139, 144.

8. 573 F.2d at 928 and 929.

9. 556 F.2d at 723.

"Although *Burgett, Tucker* and *Loper* establish that a conviction in violation of the right to counsel is too unreliable to show guilt or enhance punishment under a recidivist statute, to form the basis for a increased sentence, or to be used to impeach general credibility, they do not say that a conviction in violation of *Gideon* is absolutely meaningless. The reliability of an indictment as an indication of probable cause to believe that a certain person has committed a crime does not depend on the presence of defense counsel for those under investigation. * * (Citing cases) Nor does the absence of defense counsel or the lack of a waiver of the assistance of counsel render a prior felony conviction invalid or unreliable as an indication that the public interest requires that the convicted person's access to firearms be restricted when the conviction has not been reversed or vacated and the defendant remains unpardoned. We think that Congress is entitled to rely on a prior standing conviction as proof that there is probable cause to believe the convicted person has been involved in criminal activity and should not be able to buy a gun without first showing that he is no threat to public safety, even though the conviction may have been obtained in violation of *Gideon*."

*Graves* sounded the same warning and reached the same conclusion (554 F.2d at 83):

"As a final point, we recognize that to extend *Burgett* to prosecutions under the Gun Control Act might well create a new method of collateral attack, *i. e.,* a reevaluation of the constitutionality of prior criminal proceedings within a trial of a weapons offense. To obtain a firearms conviction, under the approach pressed by Graves, the government would have to demonstrate the constitutional validity of outstanding convictions—at whenever a defendant so insists. Yet, there is no evidence that Congress intended this type of procedure—a 'trial-within-a-trial'— when it enacted the firearms legislation. Nor is there anything in *Burgett* or its descendants to indicate that the Supreme Court commanded such an arrangement. Consequently, this Court should not sanction a program which appears to be at variance with the intent of Congress and goes a substantial step beyond the teachings of *Burgett*."

■ We recognize that there are cases which take a contrary view to that expressed by us.[10] We do not find them persuasive nor do they answer the thoughtful opinion of Chief Judge Haynsworth in *Allen,* and the substantial number of cases which have taken a like view with him.[11] We accordingly conclude that Congress had the constitutional power, in the promotion of public safety to prohibit under criminal penalties any person subject to an outstanding facially valid felony conviction, which, though arguably constitutionally invalid, had not been earlier invalidated, from possessing and receiving firearms and that it did so by § 1202(a)(1).

The conviction of the defendant is accordingly

*AFFIRMED.*

WINTER, Circuit Judge, dissenting:

The majority decides that one prosecuted for an alleged violation of 18 U.S.C. App. § 1202(a)(1)[1] cannot defend on the ground

---

10. *United States v. Pricepaul* (9th Cir. 1976) 540 F.2d 417, 424, *Dameron v. United States* (5th Cir. 1974) 488 F.2d 724, 727, *United States v. Lufman* (7th Cir. 1972) 457 F.2d 165, 167, *United States v. DuShane* (2d Cir. 1970) 435 F.2d 187, 190, and *United States v. Mason* (D.Md.1975) 68 F.R.D. 619, 625.

11. *Barker v. United States* (10th Cir. 1978) 579 F.2d 1219, 1226, *United States v. Maggard* (6th Cir. 1978) 573 F.2d 926, 928–929, *United States v. Graves* (3d Cir. 1977) 554 F.2d 65, 80–81, and

*United States v. Bryant* (D.S.C.1978) 448 F.Supp. 139, 141.

The Eighth Circuit has reserved judgment on status type cases. *United States v. Edwards* (8th Cir. 1977) 568 F.2d 68, 72.

1. § 1202(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . .

that the prior conviction for a felony rendering his receipt or possession of a firearm a violation of law was obtained in violation of the Sixth Amendment. Because I believe that § 1202(a) does not place on the defendant the burden of affirmatively seeking to vacate a conviction manifestly invalid because of the denial of counsel, I respectfully dissent.

## I.

As this case comes to us, I do not understand, as the majority asserts, that defendant concedes the "facial" validity of his earlier conviction. He asserts that the record of that conviction shows that he was unrepresented by counsel and that the conviction is void on its face. The district court declined to consider the record of the prior conviction, ruling it immaterial. In arguing the correctness of the district court's ruling, the government in effect concedes that for present purposes the conviction was obtained in violation of defendant's Sixth Amendment rights. For purposes of this appeal, we must treat that as a fact.

The majority's interpretation of § 1202(a) rests on the premise that Congress meant to punish the possession of a firearm by a person who has been convicted of a felony, even if that conviction was obtained in total disregard of his constitutional right to the assistance of counsel. I am reluctant to attribute to Congress such a cavalier attitude toward one of the "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." *Gideon v. Wainwright,* 372 U.S. 335, 341, 83 S.Ct. 792, 794, 9 L.Ed.2d 799 (1963) (quoting *Powell v. Alabama,* 287 U.S. 45, 67, 53 S.Ct. 55, 77 L.Ed. 158 (1932)).[2] Moreover, I find insubstantial support for the conclusion.

Section 1202 was introduced as a last-minute amendment on the floor of the Senate. It is therefore doubtful that Congress gave full consideration either way to the matter of the constitutional validity of the prior felony conviction.[3] Even the opinion in *United States v. Graves,* 554 F.2d 65 (3 Cir. 1977), upon which the majority heavily relies, admits that "the applicable legislative record is somewhat limited in scope and does not speak directly to the precise issues raised in this case," and that the legislative intent must be gleaned from "some clues" in the statutory history. *Id.* at 73.[4]

any firearm shall be fined . . . or imprisoned . . . .

**2.** "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." *United States v. Graves,* 554 F.2d 65, 82 n. 68 (3 Cir. 1977) (quoting Schaefer, *Federalism and State Criminal Trials,* 70 Harv.L.Rev. 1, 8 (1956)).

**3.** "Title VII [which includes § 1202] was a last-minute Senate amendment to the Omnibus Crime Control and Safe Streets Act. The Amendment was hastily passed, with little discussion, no hearings, and no report." *United States v. Bass,* 404 U.S. 336, 344, 92 S.Ct. 515, 520, 30 L.Ed.2d 488 (1971). The amendment, introduced by Senator Long, received a favorable but cautious reaction on the Senate floor, but suggestions for further study and modification were preempted by a unexpected call for a vote. Title VII received similarly scant attention in the House. *See id.* at 344 n. 11, 92 S.Ct. 515.

**4.** The majority also seeks support for its statutory interpretation in *United States v. Allen,* 556 F.2d 720 (4 Cir. 1977), but that case dealt not with § 1202(a) but with 18 U.S.C. § 922, which prohibits the giving of a false statement in connection with the purchase of a firearm. Unlike § 922, § 1202(a) requires a *conviction* for a felony, not merely an indictment or a statement about prior criminal activity. Thus, the reasoning in *Allen* that mere probable cause to believe that a person has committed a felony, rather than a reliable conviction, is enough to restrict his ability to possess a firearm and to support a conviction is inapplicable to § 1202(a). While § 922 is a part of Title IV of the Omnibus Crime Control and Safe Streets Act, § 1202(a) is part of Title VII of that Act. In another context, the Supreme Court has cautioned us that these titles must not be assumed to "dovetail neatly." *United States v. Bass,* 404 U.S. 336, 344, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). *See also United States v. Graves,* 554 F.2d 65, 87 (3 Cir. 1977) (Garth, J., concurring in part and dissenting in part). Moreover, as I discuss below, the exact holding of *Allen* was that § 922(a)(6) penalized making false statements rather than being a felon. Broader and more general language in *Allen* is thus dictum.

In any event, it is axiomatic that a statute should be read, if possible, to avoid a construction that would render it unconstitutional.[5] *See, e. g., United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 571, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *United States v. Vuitch,* 402 U.S. 62, 70, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971). In my view, the majority's construction of § 1202(a) runs afoul of that rule.

II.

I had thought that, as a matter of constitutional law, *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), prohibited the very thing that was done here. *Burgett* held that the record of a prior conviction which showed on its face that the conviction was obtained in violation of the right to counsel was inadmissible in a prosecution under a Texas recidivist statute. "To permit a conviction obtained in violation of *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." *Id.* at 115, 88 S.Ct. at 262.[6] Here, defendant's receipt and possession of a firearm was illegal solely because he had been previously convicted of a felony. A necessary element of the crime was proof that he had been convicted of a felony and the government's only proof was that of a conviction which had been obtained without counsel. The conclusion is inescapable that the prior offense supported the determination of guilt for the instant offense in violation of *Burgett.*

Our decision in *United States v. Allen,* 556 F.2d 720 (4 Cir. 1977), does not lead to a contrary conclusion. *Allen* concerned a prosecution under 18 U.S.C. § 922(a)(6) which prohibits the making of a false statement in connection with the acquisition of a firearm. Allen had signed the prescribed form for obtaining a firearm stating that he had never been convicted of a felony. The statement was false, but Allen sought to show that the prior conviction was obtained in violation of his right to counsel. We held the validity of the prior conviction immaterial, distinguishing *Burgett* on the ground that under § 922(a)(6), unlike the Texas recidivist statute, the penalty is not for the prior conviction but rather for the untruthful statement concerning it.

III.

I do not read the majority opinion to deny the applicability of *Burgett* to § 1202(a) prosecutions; it is implicit from what it says that if Lewis had been successful in post-conviction attack on his earlier conviction, he could not have been convicted under § 1202(a). Rather, its holding is that even an invalid, uncounseled felony conviction is sufficient to bring an accused within the § 1202(a) prohibition on firearms possession, unless the defendant has successfully taken affirmative action to overturn the invalid conviction. To my mind, *Burgett* may not be so limited.

In the first place, it is noteworthy that the Supreme Court has seen no need to impose this requirement. In *Burgett,* the

5. The opinion in *United States v. Liles,* 432 F.2d 18 (9 Cir. 1970), on which the majority heavily relies to support its statutory interpretation, gives no indication that it ever considered the implications of *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). This omission is not surprising, since the prior conviction in *Liles* was asserted to be invalid on grounds of substantive state law, not considered in *Burgett.* Nor is it surprising that on four separate occasions, the Ninth Circuit, when faced with the problem of *Burgett,* has ruled that the constitutional invalidity of a prior felony conviction may be asserted as a defense to a charge of possession or transportation of a firearm by

a felon. *United States v. Pricepaul,* 540 F.2d 417 (9 Cir. 1976); *Pasterchik v. United States,* 466 F.2d 1367 (9 Cir. 1972) (per curiam); *McHenry v. California,* 447 F.2d 470 (9 Cir. 1971); *United States v. Thoresen,* 428 F.2d 654 (9 Cir. 1970).

6. The Supreme Court has extended the rule of the inadmissibility of prior uncounseled convictions to sentencing, *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and to impeachment of a defendant who has testified, *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

prior uncounseled conviction of the defendant was held inadmissible, even though the defendant had never sought postconviction relief to have his prior conviction overturned. Similarly, in *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), where the Supreme Court forbade the use of a prior uncounseled conviction for purposes of impeaching a defendant, the Court showed no concern over the fact that the defendant had not taken affirmative steps to have his prior conviction declared invalid. And in our own decision in *Williams v. Coiner,* 392 F.2d 210 (4 Cir. 1968), we held that a state court unconstitutionally considered a prior uncounseled conviction in sentencing a defendant under a habitual offender statute, even though the prior conviction had not been collaterally attacked.

The majority notes the concern expressed in the *Graves* case that allowing a defendant in a § 1202(a) prosecution to raise for the first time the validity of his prior felony conviction would lead to a wasteful "trial-within-a-trial." In *Graves,* however, the defendant alleged that his prior felony conviction was invalid not because of a denial of counsel but rather because of failure to observe the complex due process requirements for transferring cases from juvenile courts, as announced in *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). The *Graves* court noted the involved factfinding that would be necessary to determine the validity of the prior conviction and specifically contrasted this defense with the simple assertion that a prior conviction was invalid for a denial of counsel, as in *Burgett.* Thus, one of the grounds on which *Graves* explicitly distinguished *Burgett* was that "*Burgett* was bottomed on a manifest abrogation of the right to counsel—a constitutional guarantee not asserted here." 554 F.2d at 80.[7]

In contrast to the complex attack on the prior conviction attempted by the defendant in *Graves,* Lewis asserts that it clearly appears on the face of the record of his prior conviction that he was not afforded counsel. Lewis' assertion can be quickly and easily verified without the necessity of conducting an involved "trial-within-a-trial." Indeed, every court of appeals which has addressed the issue has held that a defendant charged with possession or transportation of a firearm by a felon may defend against the charge by asserting for the first time that the prior felony conviction was invalid for denial of the *right to counsel.* See, e. g., *United States v. Lufman,* 457 F.2d 165, 168 n.3 (7 Cir. 1972); *United States v. Thoresen,* 428 F.2d 654, 663–64 (9 Cir. 1970) (decided under former 15 U.S.C. § 902(e)).[8] *See also United States v. DuShane,* 435 F.2d 187 (2 Cir. 1970).

---

**7.** The other cases cited by the majority to support its position are likewise inapposite, since the defendants in those cases sought to attack the validity of their prior convictions on grounds other than denial of the right to counsel. *See Barker v. United States,* 579 F.2d 1219 (10 Cir. 1978) (improper jury instructions at prior conviction; further, defendant had waived this defense by pleading guilty to firearms charge); *United States v. Maggard,* 573 F.2d 926 (6 Cir. 1978) (incompetent performance of counsel at prior conviction); *United States v. Bryant,* 448 F.Supp. 139 (D.S.C.1978) (prior conviction based on uninformed guilty plea).

**8.** The government's brief urges that these cases were wrongly decided and directs us instead to two cases in each of which the accused, after he was convicted of a firearms offense and then successfully obtained a court order invalidating the prior felony conviction, was granted relief from the firearms conviction under 28 U.S.C. § 2255. *Dameron v. United States,* 488

F.2d 724 (5 Cir. 1974); *Pasterchik v. United States,* 466 F.2d 1367 (9 Cir. 1972) (per curiam). By arguing that these two cases permit affirmance of Lewis' § 1202(a) conviction, the government implicitly concedes that Lewis could at some future time collaterally attack his prior conviction and, if he was successful, could then obtain § 2255 relief from the instant conviction. Since the validity or invalidity of Lewis' prior conviction is apparent from the face of the record and will not require a mini-trial, I think that this argument exalts procedure over substance. From the standpoint of judicial efficiency and economy, let alone the unfairness of subjecting Lewis to suffer the indignity of a federal firearms conviction when it is quite clear that he will be able to obtain subsequent § 2255 relief, I see no reason to require it. Certainly nothing in the *Dameron* or *Pasterchik* cases *requires* a defendant to go through this convoluted procedure.

## IV.

In short, neither reason nor authority supports a rule that one previously convicted of a felony in violation of his Sixth Amendment right cannot assert the invalidity of that conviction as a defense to a prosecution under § 1202(a). Thus, I am persuaded that "since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." *Burgett v. Texas,* 389 U.S. at 115, 88 S.Ct. at 262. I would therefore reverse the conviction and remand the case for a new trial with directions to receive the record of the prior offense in order to determine whether the prior conviction was obtained in violation of the Sixth Amendment. If it was, in my view defendant cannot be guilty of the crime charged.