**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John William WILDER, a/k/a William John Wilder, a/k/a William Jay Wilder, Defendant-Appellant.**

No. 78–1725.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 11, 1979.

Decided May 19, 1980.

Charles W. Daniels of Freedman, Boyd & Daniels, Albuquerque, N. M., for defendant-appellant.

Thomas S. Udall, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Albuquerque, with him on brief), for plaintiff-appellee.

Before HOLLOWAY and BARRETT, Circuit Judges, and BRIMMER, District Judge.*

BARRETT, Circuit Judge.

John William Wilder (Wilder) appeals from a jury conviction finding him guilty of violating 18 U.S.C. App. § 1202(a)(1), which declares it unlawful for a convicted felon to possess a firearm.

The sole issue on appeal involves the correctness of the trial court's refusal to grant Wilder's motion to dismiss the charges based upon his contention that his prior felony conviction was constitutionally infirm.

A factual background should aid in placing the issue in focus.

Wilder was convicted, some ten years prior to the instant prosecution, in an Indiana state court, following a guilty plea to a felony charge of burglarizing a grain elevator. When the instant charge was brought, Wilder moved to dismiss on the ground that his prior Indiana felony conviction for burglary was invalid because (a) he was denied his Sixth Amendment right to counsel, and (b) his guilty plea was involuntarily entered

* Of the District of Wyoming, sitting by designation.

because he had not knowingly and intelligently waived his constitutional rights.

The District Court conducted a full hearing on Wilder's motion to dismiss. Wilder testified at the hearing that following his arrest in Indiana: he requested the services of an attorney; thereafter he was provided the services of Attorney Jack Richert who was then deputy district attorney for the county, counsel for Wilder's wife in a pending divorce action, and a part time probation officer for the district court; that because of the "conflicts" seen by Wilder, he (Wilder) notified Richert that he did not wish to be represented by him; that Richert did not advise Wilder of his right to other counsel and that no attorney other than the prosecuting attorney thereafter consulted with or saw Wilder; that after several discussions with the prosecuting attorney, Wilder entered a guilty plea to the burglary offense based on an understanding he reached with the prosecutor that he would be placed on probation; that the court ordered a pre-sentence report which was prepared and submitted by Attorney Richert, serving as probation officer; that the pre-sentence report recommended that Wilder be sentenced to a term of from two to five years, and that this recommendation was adopted by the district court.

No transcript of the Indiana state court plea proceedings is available. However, docket entries from that proceedings reflect that Wilder's constitutional rights were explained to him, and that he acknowledged them. He specifically waived his right to be represented by counsel.

The federal district court, following the hearing on the motion to dismiss, stated that he did not believe Wilder's account of his alleged contacts with the deputy district attorney or Wilder's request for other counsel. The court stated that he found the statements contained in the state court docket entries credible.

After this case was orally argued, the parties were advised by Order of this Court entered on or about September 27, 1979, that all proceedings were abated pending final determination by the United States

Supreme Court of Case No. 78–1595—*Lewis v. United States*, 591 F.2d 978 (4th Cir. 1979), *cert. granted*, 442 U.S. 939, 99 S.Ct. 2880, 61 L.Ed.2d 309 (1979). In that Order we recognized "the primary issue presented here is whether a defendant convicted of violation of 18 U.S.C. [App.] § 1202(a) which renders it unlawful for one convicted of a felony to possess a firearm may, in such proceeding, collaterally attack the prior conviction, valid on its face, based upon his asserted denial of counsel violative of his Sixth Amendment right." We there observed that the majority of the Fourth Circuit Court of Appeals, in *Lewis v. United States, supra,* held that a defendant convicted under § 1202(a)(1), *supra,* cannot attack the constitutionality of an outstanding facially valid felony conviction, which, though arguably constitutionally invalid, has not been earlier invalidated for deprivation of right of counsel under the Sixth Amendment.

The United States Supreme Court handed down its opinion in *Lewis v. United States* on February 27, 1980. *See:* —— U.S. ——, 100 S.Ct. 915, 63 L.Ed.2d 198. Thereafter, this Court requested that the parties in the instant case submit supplemental memoranda advising of their views "interpretive thereof [of *Lewis v. United States, supra*] and its applicability, if any, to the issues presented" in the instant appeal. Both parties have responded. They are in agreement that the Supreme Court decision in *Lewis v. United States, supra,* controls and that its holding requires affirmance of the District Court judgment in Wilder's case.

In *Lewis v. United States, supra,* the Supreme Court addressed the issue of "whether a defendant's extant prior conviction, flawed because he was without counsel, as required by *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), may constitute the predicate for a subsequent conviction under § 1202(a)(1) . . . ." —— U.S. at pp. —— ——, 100 S.Ct. at p. 916. The government there introduced in evidence an exemplified copy of the judgment and sentence entered in a

1961 Florida state court proceeding. Shortly before trial, the petitioner's counsel informed the court that Lewis had not been represented by counsel in the 1961 Florida proceeding in violation of *Gideon v. Wainwright, supra*. The federal district court ruled that the constitutionality of the outstanding Florida conviction was immaterial with respect to Lewis' status under § 1202(a)(1) as a previously convicted felon at the time of his arrest. The Court of Appeals affirmed by a divided vote. *See*: 591 F.2d 978 (4th Cir. 1979). The Supreme Court assumed, for its purposes, that Lewis was in fact without counsel during the 1961 Florida proceedings. Thus, both the statute involved and the constitutional issue raised in *Lewis* and *Wilder* are identical. The Supreme Court opined that:

> An examination of § 1202(a)(1) reveals that its proscription is directed unambiguously at any person who "has been convicted by a court of the United States or of a State . . . of a felony." No modifier is present, and nothing suggests any restriction on the scope of the term "convicted." "Nothing on the face of the statute suggests a congressional intent to limit its coverage to persons [whose convictions are not subject to collateral attack]." *United States v. Culbert*, 435 U.S. 371, 373, 98 S.Ct. 1112, 1113, 55 L.Ed.2d 349 (1978); see *United States v. Naftalin*, 441 U.S. 768, 772, 99 S.Ct. 2077, 2081, 60 L.Ed.2d 624 (1979). The statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury.
>
> —— U.S. at p. ——, 100 S.Ct. at p. 918.

The Supreme Court concluded that " . . . § 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." —— U.S. at p. ——, 100 S.Ct. at p. 92. In so holding, the Supreme Court reasoned:

We recognize, of course, that under the Sixth Amendment an uncounseled felony conviction cannot be used for certain purposes. See *Burgett* [*Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)], *Tucker* [*United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)], and *Loper* [*Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972)], all *supra*. The Court, however, has never suggested that an uncounseled conviction is invalid for all purposes. See *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Loper v. Beto*, 405 U.S., at 482, n. 11, 92 S.Ct. at 1019 (plurality opinion).

Use of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction, is not inconsistent with *Burgett*, *Tucker*, and *Loper*. In each of those cases, this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons. . . . [I]t is important to note that a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm.

—— U.S. at pp. ——–——, 100 S.Ct. at pp. 921–922.

WE AFFIRM.