919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Eugene WATKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5342.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Larry Eugene Watkins, a pro se Kentucky prisoner, appeals the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Watkins challenges his 1989 conviction and sentence as a persistent felony offender (PFO) on the ground that his predicate 1976 felony convictions under 28 U.S.C. Sec. 1202(a)(1) were unconstitutional because he received ineffective assistance of counsel. Watkins alleges that, but for counsel's error in failing to challenge the constitutionality of a 1970 state conviction, which was a predicate to the federal convictions, he would not have been convicted of the federal charges, which were, in turn, predicate to his 1989 PFO conviction.
 
 
 3
 In October 1976, Watkins was convicted in United States District Court of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 1202(a)(1). His conviction was affirmed on appeal, although his sentence as a dangerous special offender (DSO) was vacated. A 1970 state conviction resulting from an allegedly unconstitutional guilty plea formed the basis for the Sec. 1202(a)(1) charges. After serving his sentence for these offenses, Watkins was convicted by state courts in 1986 and 1989 as a persistent felony offender based, at least in part, on the 1970 and 1976 convictions. Watkins is currently serving a life sentence in Kentucky pursuant to the 1989 PFO conviction.
 
 
 4
 On September 10, 1989, Watkins filed a motion in the district court alleging that his 1976 convictions under Sec. 1202(a)(1) were unconstitutional due to ineffective assistance of counsel. He argued that his 1976 trial counsel had a duty to investigate and challenge the constitutionality of the 1970 conviction. If he had, according to the argument, Watkins would not have been convicted under Sec. 1202(a)(1) and neither conviction could have been used to enhance his current sentence.
 
 
 5
 The district court interpreted Watkins's motion as a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The district court denied the petition and this appeal followed.
 
 
 6
 On appeal, Watkins repeats his ineffective assistance issue and further argues that his prosecution by both state and federal courts for offenses arising from the same transaction violated both the Petite policy and his constitutional right to be free from double jeopardy. Watkins requests the appointment of counsel in his brief.
 
 
 7
 We shall affirm the district court's order because Watkins's trial was fundamentally fair. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 8
 Watkins's ineffective assistance claim is meritless because, even if it is assumed that Watkins's 1976 trial counsel should have challenged the use of his 1970 conviction, there was no prejudice to the defense as required under Strickland v. Washington, 466 U.S. 668, 687 (1984). An individual may not challenge his Sec. 1202(a)(1) conviction on the grounds that the predicate offense is subject to constitutional attack. Lewis v. United States, 445 U.S. 55, 65 (1980); United States v. Maggard, 573 F.2d 926, 929 (6th Cir.1978). Furthermore, there was no prejudice regarding the DSO sentence as this court vacated that sentence on direct appeal. Watkins v. United States, 564 F.2d 201, 207 (1977), cert. denied, 435 U.S. 976 (1978).
 
 
 9
 Watkins's other issues were not first raised in the district court and are therefore not addressed on appeal.
 
 
 10
 Accordingly, the request for counsel is denied and the district court's order denying the writ, entered February 21, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.