**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wayne Doyce McWILLIAMS, Defendant-Appellant.**

No. 81–1239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1982.

Decided Feb. 2, 1984.

Michael J. Margosian, Fresno, Cal., for defendant-appellant.

James White, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before SCHROEDER, FLETCHER and NORRIS, Circuit Judges.

PER CURIAM:

Wayne McWilliams appeals his conviction under 18 U.S.C. § 922(a)(6) (making a false statement in acquisition of a firearm), under 18 U.S.C. § 922(h)(1) (receipt of a firearm by a convicted felon), and under 18 U.S.C. § 1510 (obstructing a criminal investigation). McWilliams raises a number of challenges to the conviction, including the contentions that he had ineffective assistance of counsel, that he suffered from vindictive prosecution and other prosecutorial and judicial misconduct, and finally, that the prior felony conviction should have been suppressed on the ground that his guilty plea violated Fed.R.Crim.P. 11. We note jurisdiction under 24 U.S.C. § 1291 and we affirm both convictions.

### FACTS

In 1964, McWilliams pleaded guilty in federal district court in Louisiana to one count of receiving stolen property, a felony. He received a suspended sentence of two years and three years probation. In 1972, McWilliams, who worked as a bail bondsman and private investigator, applied for a concealed weapon permit in California. In 1975, when he purchased a revolver, McWilliams signed a form stating that he had never been convicted of a crime punishable by imprisonment for a term exceeding one year.

McWilliams' concealed weapon permit was revoked in 1976. He attempted to regain it by seeking a pardon and filing for relief from disability under 18 U.S.C. §§ 845(b) and 925(c). As a result of the request for relief, a prior investigation of his 1975 firearms form was reopened and McWilliams was charged with making a false statement on receipt of a firearm and receipt of a firearm by a convicted felon, 18 U.S.C. §§ 922(a)(6) and 922(h)(1).

During a pretrial court appearance on the firearms charges Wayne McWilliams encountered his brother, James McWilliams, on his way to the Assistant U.S. Attorney to offer testimony against Wayne. An altercation ensued resulting in a charge against Wayne McWilliams for obstruction of a criminal investigation, 18 U.S.C. § 1510.

During the course of preparation for trial McWilliams changed attorneys. His new attorney filed a motion to consolidate the obstruction charge with the two firearms counts. He prevailed on the motion despite the fact that a previous consolidation motion filed by the Government had been successfully opposed by McWilliams' prior counsel. McWilliams was convicted on all three counts after jury trial.

### ANALYSIS

#### I

*Ineffective Assistance of Counsel*

McWilliams argues that he was denied his right to a fair trial because his lawyer was incompetent. The standard by which we judge competence is whether

counsel's errors or omissions "reflect a failure to exercise the skill, judgment or diligence of a reasonably competent criminal defense attorney." *Cooper v. Fitzharris*, 586 F.2d 1325, 1330 (9th Cir.1978), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). Even if defense counsel is incompetent, relief will be granted only if his errors prejudiced the defendant. *Id.* at 1331. The errors cited on appeal viewed singly and collectively,[1] do not evidence the requisite level of incompetence nor do we find the requisite prejudice to McWilliams.

## II

### Vindictive Prosecution

McWilliams contends that the district court erred in denying his motion to dismiss for vindictive prosecution. Although McWilliams labels his claim vindictive prosecution, he appears also to be alleging selective or discriminatory prosecution. Vindictive prosecution claims usually arise when a defendant is penalized for exercise of statutory or constitutional rights by the imposition of a higher sentence or institution of increased charges. Selective prosecution occurs when a defendant is initially singled out for prosecution on the basis of improper criteria. McWilliams does not have a valid claim of either selective or vindictive prosecution.

■ The defendant has the burden of proving selective prosecution. He must demonstrate (1) that others similarly situated have not been prosecuted, and (2) that he was selected for prosecution on the basis of an impermissible ground such as race, religion or exercise of the constitutional rights. *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir.1981), *cert. denied*, 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982); *United States v. Douglass*, 579 F.2d 545, 550 (9th Cir.1978). McWilliams does not prove improper selection criteria; he argues only that certain U.S. Attorneys disliked him because they suspected him of criminal activity. Although the First Circuit has said in dicta that personal vindictiveness on the part of the charging prosecutor would support a claim of discriminatory prosecution, *United States v. Bourque*, 541 F.2d 290, 293 (1st Cir.1976), we do not find evidence to support such a claim here, for the reasons which are discussed in connection with McWilliams' vindicative prosecution claim.

■ Vindictive prosecution usually involves retaliatory imposition of additional penalties against a defendant who, after indictment, exercises some legal right, *e.g.*, to attack his conviction, to file a motion to suppress, or to demand a speedy trial. *See United States v. Groves*, 571 F.2d 450 (9th Cir.1978); *United States v. De Marco*, 550 F.2d 1224 (9th Cir.), *cert. denied*, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977); *United States v. Alvarado-Sandoval*, 557 F.2d 645 (9th Cir.1977). Nothing of the sort happened here. Although the filing of the initial indictment can provide the basis for a charge of vindictive prosecution, *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir.1981), *cert. denied*, 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982), to sustain such claim, the defendant must show vindictiveness on the part of those who made the charging decision, *id.* McWilliams makes no such showing here.

The original indictment against McWilliams (the two firearms counts) was filed by U.S. Attorney James White. It was David Rodriguez, the Assistant U.S. Attorney in charge of prosecuting the case, who allegedly disliked McWilliams. The second action (obstruction of justice) was filed by Rodriguez, but was presented to the grand jury by another U.S. Attorney.

McWilliams presented no evidence of retaliatory motive on the part of Rodriguez. He makes no allegation against the other

---

1. McWilliams alleges incompetence in his counsel's motion for consolidation of the firearms and obstruction charges, cross-examination of McWilliams' wife, and failure to object to Government testimony regarding a prior investigation of McWilliams. Each of these actions by trial counsel could have been prompted by counsel's trial strategy. Looking at the record as a whole, we do not find the requisite prejudice in any event.

prosecutors. He does not allege that either the first or second indictment was filed to discourage him from or punish him for exercising some constitutional, statutory, or common law right. He argues only that certain conduct and statements of U.S. Attorney Rodriguez prove that he was biased against McWilliams and interested in seeing McWilliams punished.

## III

### Prosecutorial and Judicial Misconduct

McWilliams claims that misconduct by the prosecutor denied him a fair trial. At the threshold, we must decide whether misconduct occurred. If so we look to whether the issue was preserved on appeal and whether the misconduct prejudiced the defendant. *United States v. Berry*, 627 F.2d 193, 196–97 (9th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981). The district judge is in a much better position to evaluate the prosecutor's conduct and its impact. This court properly accords considerable deference to the trial court's view of such matters.

McWilliams cites as misconduct the prosecutor's questioning of an FBI agent concerning a prior firearms investigation of McWilliams. McWilliams' attorney objected to the questioning and the judge disallowed the inquiry. The Government argues that the prior investigation was relevant to show how and why the current charges were filed and denies that the prosecutor's questions were improper.

Even if the prosecutor's questions can be characterized as misconduct, the misconduct was nonconstitutional error and does not warrant reversal if it is more probably than not harmless, *Berry*, 627 F.2d at 201. The possible prejudicial effect of alleged misconduct must be judged in the context of the entire trial. *Donnelly v. De Christoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974). The misconduct complained of here was isolated and was not inflammatory. Given the weight of the evidence against McWilliams, it was more probable than not, not prejudicial.[2]

McWilliams also charges the prosecutor with misconduct for asking a police officer, who was testifying as a character witness for McWilliams, whether he had heard of any criminal investigations of McWilliams. The Government claims that the question was a proper method of impeaching the police officer's knowledge of McWilliams' reputation. McWilliams did not object to the question at trial. The trial court, however, objected sua sponte and warned the prosecutor that he was risking a mistrial. The prosecutor immediately dropped this line of questioning. The judge's prompt warning together with later curative instructions and the weight of the evidence against McWilliams compel the conclusion that the allegedly improper questioning, even if assumed to be misconduct, was more probably than not harmless.[3]

---

**2.** McWilliams alleges similar misconduct when the prosecutor asked an FBI agent whether, in 1976, a federal criminal investigation of McWilliams was in progress. Defense counsel, however, did not object to the question, and therefore the plain error doctrine applies. *United States v. Berry*, 627 F.2d 193, 199 (9th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981). Assuming arguendo that the question constituted misconduct, it was isolated and ambiguous and certainly not of the degree of prejudice that would constitute plain error. *United States v. Giese*, 597 F.2d 1170, 1199 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979).

**3.** Ordinarily, when counsel fails to object to alleged misconduct at the time it occurs, we apply the "plain error" standard of review. *United States v. Berry*, 627 F.2d at 199. This is so because, in the absence of an objection, the trial court is given no opportunity to correct the alleged error and, "[t]he defendant may not allow error to go uncorrected and then ask this court to reverse this conviction." *Id.* Where a trial judge recognizes error and acts on his or her own initiative to correct the error, the justification for review under the "plain error" standard is inapplicable. Under these circumstances, we will review an allegation of error on appeal under the harmless error rule applied in cases where proper objection has been made. *See id.* (indicating circumstances where a failure to object will not result in application of the plain error standard).

■ McWilliams also charges the trial judge with misconduct because he mentioned the Ninth Circuit in discussing the marking of exhibits. McWilliams argues that this remark, which was unobjected to, informed the jury that the case would be appealed and caused them to take their duties lightly. This argument is meritless. An isolated and passing allusion to the Ninth Circuit would probably not even alert the jury to the right of appeal. In addition, there is no indication that if the jury were aware of the appellate remedy it would therefore come to a hasty and ill-considered decision.

## IV

### Rule 11

SCHROEDER, Circuit Judge.

■ A majority of the panel agrees that the conviction should be affirmed.

McWilliams argues that his 1964 guilty plea was taken in violation of Rule 11 and should have been suppressed by the district court. He contends that he was not aware of the maximum penalty he faced before he pleaded guilty, and that he was not advised of, nor was he aware of, the privilege against self-incrimination, his right to trial by jury, or his right to confront prosecution witnesses.

The United States Supreme Court has held that a defendant cannot maintain a collateral attack upon a prior conviction when the conviction is a predicate for firearms violations such as these. *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). This circuit, however, has held that such collateral attacks may be maintained against convictions entered prior to the *Lewis* decision. *United States v. Goodheim*, 651 F.2d 1294 (9th Cir.1981). I therefore assume in this appeal, as did the district court in the trial proceedings, that the collateral attack may be maintained.

In 1964, when McWilliams pleaded guilty, Rule 11 provided that

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the Court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the Court shall enter a plea of not guilty.

Fed.R.Crim.P. 11 (1964).

The provisions of Rule 11 have since been revised, and were adopted by the Supreme Court as the measure of the validity of a guilty plea in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The standard of full compliance with Rule 11 only applies prospectively, however. *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). The validity of a plea entered before *McCarthy* and *Boykin* is determined by the then governing standards of proof. *United States v. Myers*, 451 F.2d 402, 405–06 (9th Cir.1972). Thus the question before the district court was whether the plea was made voluntarily with an understanding of the charge, and the consequences of the plea. *Munich v. United States*, 337 F.2d 356, 359 (9th Cir. 1964).

The district court held a full evidentiary hearing in this case, and concluded that the plea was knowing and voluntary. Having reviewed the record before the district court as well as the plea proceeding in Louisiana, I agree that McWilliams clearly made an intelligent choice based upon a correct understanding of the consequences of his plea. At the time he pleaded guilty, McWilliams was represented by counsel. Although the judge did not formally advise McWilliams of the maximum sentence, the record reflects his choice to plead guilty in order to avoid a long prison term, and the prosecutor stated, on the record, that the maximum term was ten years. In exchange for the plea, McWilliams received probation, and, as the district court in this

case noted, that was exactly what he bargained for.

In addressing pre-*McCarthy* guilty pleas, the Supreme Court has held that a plea may technically fall short of Rule 11's provisions and yet be constitutional, if it is found to have been voluntary. *Halliday,* 394 U.S. at 883, 89 S.Ct. at 1499. No particular ritual or showing on the record is required. *See Munich,* 337 F.2d at 359; *cf. United States v. Pricepaul,* 540 F.2d 417, 424–25 (9th Cir.1976) (holding that the government has only to prove that a prior state plea was voluntary and intelligent, and need not show that each of the three *Boykin* rights was expressly brought to the defendant's attention and waived by him). The evidence adduced by the district court clearly refuted McWilliams' claim that he did not understand the consequences of his plea. *Accord Wilkins v. Erickson,* 505 F.2d 761, 764–65 (9th Cir. 1974). The district court's finding of voluntariness was not clearly erroneous, and therefore McWilliams cannot successfully maintain that there was any constitutional defect in his 1964 guilty plea.

### Conclusion

The conviction for violations of 18 U.S.C. §§ 922(a)(6); 922(h)(1); and 1510 is affirmed.

NORRIS, Circuit Judge, concurring:

██ I concur. I find no merits in McWilliams' claims of ineffective assistance of counsel, selective prosecution, and prosecutorial misconduct during the trial. I also believe that we cannot reverse McWilliams' conviction based upon any challenge he might raise to the validity of his 1964 guilty plea.

In 1980, the Supreme Court made clear that the federal firearms statute "prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Lewis v. United States,* 445 U.S. 55, 65, 100 S.Ct. 915, 921, 63 L.Ed.2d 198 (1980). I believe that *Lewis* governs the instant case, and bars McWilliams from now challenging his 1964 plea, regardless of the merits of his claim that that plea was invalid when taken.

Although this court has held that *Lewis* should not be retroactively applied to bar a defendant charged with a firearms violation from collaterally attacking a constitutionally infirm predicate conviction during the period when Ninth Circuit law expressly permitted reversal if the predicate conviction could be overturned, *United States v. Goodheim,* 651 F.2d 1294 (9th Cir.1981), *Goodheim's* due process notice rationale strikes me as inapplicable here. In 1975, when McWilliams violated the firearms statute, the law of the Ninth Circuit was consistent with *Lewis:* a challenge to a predicate conviction would not affect the validity of a subsequent firearms prosecution. *See United States v. Liles,* 432 F.2d 18 (9th Cir.1970) (defendant could be convicted for possession of a firearm despite fact that his predicate felony conviction was overturned on appeal for insufficient evidence).

Judge Fletcher's reliance on *McHenry v. California,* 447 F.2d 470 (9th Cir.1971), to undermine the authority of *Liles* and to support the proposition that Ninth Circuit law in 1975 permitted a convicted felon to collaterally attack a constitutionally infirm conviction in the course of a federal firearms prosecution seems to me misplaced. In fact, the *McHenry* court considered a violation of *California's* firearms statute and read *Liles* as an opinion interpreting Congressional intent in enacting the Omnibus Crime Control and Safe Streets Act of 1968—the statute at issue here. *McHenry* does nothing to contradict *Liles'* interpretation of that statute: that Congress intended that no one under taint of a felony conviction be permitted to possess a weapon, regardless of the status of that conviction. I am unwilling to read *McHenry* as authority for the proposition that Congress is constitutionally disabled from enacting such a statute.[1]

---

**1.** I am not alone in having difficulty under-    standing *McHenry's* constitutional reach. In

Because the status of McWilliams' firearms conviction will not be affected by any collateral attack on his 1964 plea, it seems pointless to me to remand for determination whether the 1964 plea violated then prevailing statutory and constitutional standards. McWilliams' firearms conviction should be affirmed.

FLETCHER, Circuit Judge, concurring and dissenting:

I agree with the majority's conclusion that McWilliams's claims of ineffective assistance of counsel, selective prosecution, prosecutorial misconduct, and judicial misconduct lack merit. I would hold, however, that if McWilliams was unaware of the maximum penalty he faced when he pleaded guilty, or of the constitutional rights he waived, his guilty plea was involuntary and must be suppressed. Because the district court did not make the appropriate factual inquiry, remand is necessary.

I. *Collateral Attack.*

I agree with Judge Schroeder that the defendant can make a collateral attack on

his prior conviction that is predicate for the firearms violation because his conviction was pre-*Lewis. United States v. Goodheim,* 651 F.2d 1294, 1297 (9th Cir.1981).[1]

II. *Voluntariness of McWilliams's Guilty Plea.*

I disagree with Judge Schroeder's view that we can determine from the record before us that McWilliams' plea was knowing and voluntary. Because of Judge Norris's view that there can be no collateral attack on the conviction, he does not reach this issue.

Judge Schroeder properly points out that the issue in this case is not whether the Louisiana district court complied with Rule 11 when it accepted McWilliams's guilty plea in 1964, but whether the plea was made voluntarily. Unless a guilty plea is made voluntarily and knowingly, the conviction based on it cannot be used to prove a firearms violation. *See United States v. Pricepaul,* 540 F.2d 417 (9th Cir.1976). This is true even where the plea was made before the Supreme Court's decision in *McCarthy v. United States,* 394 U.S. 459,

*United States v. Pricepaul,* 540 F.2d 417, 421 (9th Cir.1976), we expressed

> some doubt that *McHenry* can be ready broadly for the proposition that the invalidity of a prior conviction under *any* provision of the federal Constitution prevents use of the conviction to prove guilt under a firearms statute. Since the federal constitutional rights infringed in that case were unspecified, however, it is difficult to ascertain how far the holding should extend.

1. Judge Norris dismisses *Goodheim* with the offhand remark, "*Goodheim's* due process notice rationale strikes me as inapplicable here." He is wrong on two counts. He is not free to disregard *Goodheim,* which is circuit precedent. His reliance on *United States v. Liles,* 432 F.2d 18 (9th Cir.1970) for the proposition that Ninth Circuit law was consistent with *Lewis* when McWilliams possessed a gun in 1975 is misplaced. *Liles* held that the federal firearms statute applied to a felon "whose status as a convicted felon changed after the date of possession, regardless of how that change of status occurred." *Id.* at 20. The above cited language sounds quite broad, but *Liles* has been read narrowly. In *McHenry v. California,* 447 F.2d 470 (9th Cir.1971), this Court held that *Liles* was inapplicable to constitutionally infirm convictions. *McHenry* distinguished *Liles* by limiting

it to its facts, *i.e.,* to convictions held invalid because of insufficient evidence. "The majority believes that *Liles* is clearly distinguishable, for there ... the prior conviction was held invalid, not on any federal constitutional ground but because the evidence was insufficient." *Id.* at 471. *See also United States v. Pricepaul,* 540 F.2d 417, 421 (9th Cir.1976).

Judge Norris would distinguish *McHenry* on the ground that *McHenry* concerns violation of a California firearms statute. *McHenry,* however, does not involve an interpretation of the California statute. Instead, it holds that the federal Constitution does not permit a state to premise a gun charge on a constitutionally invalid prior conviction. *Id.* This holding is equally applicable to a federal firearms prosecution. *See Pricepaul,* 540 F.2d at 421.

Judge Norris notes *Pricepaul's* uncertainty as to how broadly *McHenry* should be read. But there is no uncertainty on the point that is crucial here: the court in *Pricepaul* held that, at a minimum, "a prior state conviction obtained in violation of *Boykin* and the rights it protects may not be used to establish a federal firearms violation." 540 F.2d at 421–22 and n. 3. And there is no uncertainty that *Goodheim* controls this case.

89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (holding that a guilty plea would be reversed automatically unless the trial court complied with Rule 11) or before *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (holding that the trial record must affirmatively disclose that a defendant entered his guilty plea understandingly and voluntarily). *Pricepaul*, 540 F.2d at 422 and n. 3.

McWilliams contends his plea was not voluntary and intelligent because at the time he pleaded guilty he was unaware of the maximum penalty for the crime with which he was charged, and of the rights he waived in entering the plea. If either claim is true, his 1964 conviction is invalid.

## A. *Maximum Penalty.*

A guilty plea is not voluntary unless the defendant is aware, at the time of the plea, of the maximum sentence that may be imposed. In *United States v. Myers*, 451 F.2d 402 (9th Cir.1972) this court held that a plea entered in 1963 was involuntary if the defendant was unaware of the maximum penalty for the crime charged.

Judge Schroeder argues that McWilliams had sufficient awareness of the sentencing possibilities to render his plea voluntary. She relies on the prosecutor's statement, on the record of the plea proceeding, that the maximum term McWilliams could get for receiving stolen property was ten years. The prosecutor, however, made this statement after McWilliams had pled guilty. Although someone other than the judge can inform the defendant of the maximum penalty, *see United States v. Hamilton*, 568 F.2d 1302, 1306 (9th Cir.), *cert. denied*, 436 U.S. 944, 98 S.Ct. 2846, 56 L.Ed.2d 785 (1978), the defendant must be aware of the sentencing range *before* he pleads guilty. *See Pilkington v. United States*, 315 F.2d 204, 208–09 (4th Cir.1963); *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir. 1971). The transcript of McWilliams's arraignment indicates that neither the prosecutor nor the judge informed McWilliams of the maximum penalty before he entered his guilty plea.

Judge Schroeder also relies on the fact that McWilliams bargained for and received probation. Awareness of the sentence promised under a plea bargain, however, does not constitute awareness of the consequences of the plea. Even if McWilliams's decision to plead guilty was prudent in view of the potential penalty, the plea was not voluntary or intelligent if McWilliams was unaware of the maximum penalty when he entered his plea. *See Myers*, 451 F.2d at 404. The policy behind this rule is clear. Even where the defendant is promised a certain sentence if he pleads guilty, he should know what he faces if he chooses instead to exercise his right to jury trial. Without such knowledge, the benefit of the plea bargain is uncertain, and it would be difficult to contend that the defendant had intelligently given up his fundamental constitutional rights in exchange for the plea bargain.

The transcript of McWilliams' 1964 arraignment reveals that he was not informed of the possible penalties before he entered his guilty plea. At the suppression hearing incident to the gun charges, McWilliams testified that he was unaware of the sentence he faced when he pleaded guilty in 1964. In denying the motion to suppress, the district judge made no finding whatsoever concerning McWilliams's knowledge. I would reverse and remand for a determination as to whether McWilliams was aware of the maximum possible sentence when he pleaded guilty in 1964.

## B. *Waiver of Constitutional Rights.*

When a defendant pleads guilty, he stands as a witness against himself and consents to the entry of conviction without trial. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). In doing so, he waives three constitutional rights: the privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89

S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).[2] Waivers of constitutional rights must be knowing and intelligent as well as voluntary. *Brady*, 397 U.S. at 748, 90 S.Ct. at 1468. A defendant cannot knowingly and intelligently waive constitutional rights of which he is unaware. Hence, a guilty plea entered without awareness of the constitutional rights is involuntary. *See George v. United States*, 633 F.2d 1299, 1301 (9th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1397, 67 L.Ed.2d 368 (1981); *United States v. Sherman*, 474 F.2d 303, 305–07 (9th Cir.1973).

McWilliams complains that he was neither advised of, nor aware of the privilege against self-incrimination, the right to jury trial, or the right to confront prosecution witnesses. The district court, instead of taking evidence to determine what McWilliams knew, simply held that McWilliams's plea was voluntary and intelligent because he was told he would receive probation in return for his plea, and he received probation.

Judge Schroeder relies on *Wilkins v. Erickson*, 505 F.2d 761, 764–65 (9th Cir.1974) to excuse the district court's failure to determine whether McWilliams was aware of the three *Boykin* rights when he pleaded guilty. *Wilkins* held that *Boykin* does not require articulation on the record of the constitutional rights waived by the guilty plea. *Wilkins*, 505 F.2d at 763. Instead, the district court may hold a hearing to determine if the plea was intelligently and voluntarily made. *Id.* at 765. In finding that the plea was voluntary, however, *Wilkins* relied on the fact that the state trial record showed that "Wilkins was not only aware of the rights discussed in *Boykin*, but was fully aware of the consequences of waiving them." *Id.* at 764. This court has held that a plea can be voluntary where the defendant is not informed of his *Boykin* rights on the record, but it has never held

that a plea made absent awareness of those rights is voluntary.

*Boykin* did not create a new constitutional standard for the voluntariness of guilty pleas; it merely pronounced an automatic reversal rule for pleas taken without a record demonstrating the defendant was aware of these rights when he pleaded. *See Brady v. United States*, 397 U.S. 742, 747–48 n. 4, 90 S.Ct. 1463, 1468 n. 4, 25 L.Ed.2d 747 (1970). Although the record requirement is not retroactive, pre-*Boykin* pleas are involuntary unless the defendant had the "requisite awareness" to enter a voluntary plea. *See Myers*, 451 F.2d at 408. This court has recognized that requisite awareness includes knowledge of the three *Boykin* rights.

In *Pricepaul* we specifically noted that even though *Boykin* was not retroactive, a prior guilty plea could not be used to prove a firearms violation unless the government showed the *Boykin* rights were voluntarily and intelligently waived. 540 F.2d at 422–24 and n. 3. *See also United States v. Goodheim*, 686 F.2d 776, 777 (9th Cir.1982); *United States v. Freed*, 703 F.2d 394, 395 (9th Cir.1983).

Because McWilliams claims that he was not aware of the maximum penalty he faced in pleading guilty, and the constitutional rights he waived I would remand for an evidentiary hearing to determine his claims.

---

**2.** *Boykin* held that a court could not presume waiver of the privilege against self-incrimination, the right to jury trial, and the right to confront witnesses from a silent record. *Boykin v. Alabama*, 395 U.S. at 243, 89 S.Ct. at 1712.

Because *Boykin* is not retroactive, *Moss v. Craven*, 427 F.2d 139 (9th Cir.1970), the government must be given the opportunity to prove that McWilliams knowingly and intelligently waived these rights.