942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William L. HULL, Defendant-Appellant.
 No. 90-30381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 29, 1991.
Decided Aug. 28, 1991.
 
 Before EUGENE A. WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William L. Hull appeals his conviction for the use of a firearm during drug trafficking, 18 U.S.C. § 924(c), and the denial of his motions to dismiss, for judgment notwithstanding the verdict, and for a new trial. He argues that the evidence was insufficient to convict, that evidence of other crimes was improperly admitted, and that prosecution in federal court rather than state court violated his constitutional rights. This court has jurisdiction of the timely appeal. 28 U.S.C. § 1291. We affirm the district court.
 
 I. Sufficiency of the Evidence
 
 3
 Hull argues that the evidence regarding his use of a firearm during the drug transaction on April 12 was insufficient for three reasons: (1) the only evidence of guns in the house where the drug sale took place, the testimony of Paula Reid, was unreliable because Reid had lied in an earlier affidavit; (2) even if the drugs were in the house, they were upstairs, not downstairs where the sale took place; and (3) the jury did not specify which of the three guns found in Hull's bedroom during a search later in the month it believed Hull had used during the sale on April 12.
 
 
 4
 As to the first point, unless Reid's testimony was incredible, the decision to believe her or not believe her was for the jury to make. Reid occupied the house with Hull and shared the bedroom with him where the guns were found. She was present downstairs on April 12 during the drug transaction at issue. Therefore, she was competent to testify as to whether there were guns in the bedroom during the transaction. Her testimony to that effect was not incredible or inconsistent with the other evidence offered against Hull at trial. A reasonable jury could believe her testimony and convict Hull.
 
 
 5
 As to the second point, this court has said that a firearm need not be brandished by the defendant or even kept in plain view during a drug transaction for it to have been "used" for purposes of 18 U.S.C. § 924(c). United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985), cert. denied, 484 U.S. 867 (1987). Although the drug sale took place downstairs, the drugs, money, and scales were located in the upstairs bedroom with the guns. During the sale, Hull went upstairs to the bedroom to get the cocaine, brought it downstairs, and delivered it to Cobb. The bedroom was his base of operations. A reasonable jury could infer that the guns located in the bedroom were there to protect the cocaine and scales and, therefore, were used in the drug transaction. See United States v. Guy, 903 F.2d 1240, 1243 (9th Cir.1990).
 
 
 6
 As to the third point, the fact that the prosecution did not specify which of the three guns found in Hull's bedroom it believed had been used in the drug transaction does not render the evidence insufficient to convict. The guns were indistinguishable in every respect that was important to the conviction--they were all within Hull's control and they were all found in the bedroom where the cocaine and scales were kept. Consequently, any one of the guns or all three of them together could have been the guns Reid testified were in the bedroom on April 12. See United States v. Turner, 926 F.2d 883, 888, 889-90 (9th Cir.1991), petition for cert. filed, (May 13, 1991) (No. 90-8008). The appellant's argument that his jury instruction should have been given and a special verdict form submitted that required the jury to specify which firearm was used on April 12 fails for the same reason.
 
 
 7
 The firearm use conviction was supported by sufficient evidence.
 
 II. Admission of Other Crimes' Evidence
 
 8
 The defendant argues that the evidence of drug transactions and instances of firearm use in addition to those charged was overly prejudicial and should not have been admitted. The evidence meets the reliability and relevancy requirements for admission under Fed.R.Evid. 404(b). See United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982) (listing requirements for admissibility of other crimes' evidence). The evidence was directly probative of Hull's knowledge and intent to sell drugs and to use firearms to protect him and his property during drug transactions. The danger of unfair prejudice from the evidence stems from the same reality that makes the evidence highly relevant. The "other crimes," particularly the instances of firearm use, are the same as the crime for which Hull was charged. However, the danger of unfair prejudice does not outweigh the probative value of the other crimes' evidence in this case. See id. at 1111 ("All evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to that defendant, but that does not mean that such evidence should be excluded.")
 
 
 9
 The district court did not abuse its discretion in admitting the evidence of other crimes.
 
 III. Selective or Vindictive Prosecution
 
 10
 Hull argues that his right to due process and equal protection of the laws has been violated because he was prosecuted in federal court rather than state court. Hull has not made a case for vindictive or selective prosecution. He has not shown (1) that others similarly situated have not been prosecuted in federal court and (2) that he was selected for prosecution on the basis of an impermissible ground such as race, religion or exercise of a constitutional right. See United States v. McWilliams, 730 F.2d 1218, 1221 (9th Cir.1984); see also United States v. Batchelder, 442 U.S. 114, 125 n. 9 (1979).
 
 
 11
 Hull also has not demonstrated any other violation of his constitutional rights. Even if the federal authorities did not become involved until after Hull's arrest, and even if they relied exclusively on the investigative efforts of state authorities in the federal prosecution, a decision to prosecute in federal court rather than state court because of the greater penalties available does not violate any constitutional provision. Cf. Batchelder, 442 U.S. at 125 (In choosing which federal statute to use to try the same conduct, "[t]he prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.") As noted above, to violate the Constitution, the decision must have been motivated by something other than the availability of greater penalties such as race, religion, or retaliation for the defendant's exercise of constitutional rights. Id. at 125 n. 9; McWilliams, 730 F.2d at 1221.[1]
 
 
 12
 We reject Hull's argument that the decision to prosecute him in federal court was unconstitutional.
 
 CONCLUSION
 
 13
 We AFFIRM Hull's conviction and the denial of his motions to dismiss, for judgment notwithstanding the verdict, and for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Further, there is no double jeopardy question involved here. Therefore, the reasoning of many of the cases cited by the defendant are inapposite. See, e.g., Bartkus v. Illinois, 359 U.S. 121 (1959); United States v. Jordan, 870 F.2d 1310 (7th Cir.), cert. denied, 110 S.Ct. 101 (1989); United States v. Bernhardt, 831 F.2d 181 (9th Cir.1987)