967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben J. KLER, Defendant-Appellant.
 Nos. 91-10178, 91-10162.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1992.
Decided June 19, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ben J. Kler was convicted of conspiracy, manufacture of 100 or more marijuana plants, possession with intent to distribute marijuana and failure to appear. Kler appeals his conviction and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm in part and reverse and remand in part.
 
 
 3
 * In August 1988, agents of the United States Forest Service ("USFS") discovered marijuana growing in two locations approximately 0.3 miles apart in the Shasta-Trinity National Forest. On October 5, 1988, USFS agents conducting surveillance arrested Kler and two other defendants who were harvesting marijuana at one of the sites.
 
 
 4
 Kler was initially charged in state court with marijuana cultivation offenses. However, on July 28, 1989, Kler and his co-defendants were indicted by a federal grand jury and charged with conspiracy, manufacture of 100 or more marijuana plants and possession with intent to distribute marijuana. State charges were subsequently withdrawn.
 
 
 5
 On October 4, 1989, after Kler failed to appear for a trial confirmation hearing, Kler was further indicted on charges of failing to appear. Kler was subsequently convicted on all four counts and sentenced to a term of imprisonment of 42 months.
 
 II
 
 6
 Kler first contends that the district court erred in denying his motion to dismiss for selective or vindictive prosecution. Kler argues that "it was [the] exercise of his rights in State Court, i.e., presentation of a vigorous defense including challenging the sufficiency of the accusatory pleadings by demurrer, that precipitated federal prosecution."
 
 
 7
 To establish the defense of selective prosecution, a defendant must show (1) that others similarly situated have not been prosecuted, and (2) that he was selected for prosecution on the basis of an impermissible ground such as race, religion or the exercise of a constitutional right. See United States v. McWilliams, 730 F.2d 1218, 1221 (9th Cir.1984).
 
 
 8
 Kler failed to make any showing that others similarly situated have not been prosecuted. Indeed, Kler's co-defendants in this case were prosecuted in federal court for the very same conduct. Consequently, Kler has not made out a valid claim of selective prosecution.
 
 
 9
 The filing of an indictment can also provide the basis for a claim of vindictive prosecution. United States v. Hooton, 662 F.2d 628, 634 (9th Cir.1981), cert. denied, 455 U.S. 1004 (1982). "[T]o sustain such [a] claim, the defendant must show vindictiveness on the part of those who made the charging decision." McWilliams, 730 F.2d at 1221.
 
 
 10
 Here, Kler has made no showing that Assistant U.S. Attorney Samuel Wong, who prosecuted his case in federal court, retaliated against Kler for exercising his legal rights. To the contrary, Kler states that it was the "federal officers of the United States Forest Service," not the prosecuting attorney, who became "frustrated by [Kler's] assertion of fundamental rights in state court." Because Kler has made no showing of vindictiveness on the part of Assistant U.S. Attorney Wong, Kler's claim of vindictive prosecution fails.
 
 III
 
 11
 Kler next contends that the sentences imposed for the manufacture of 100 or more marijuana plants and possession with intent to distribute marijuana are multiplicitous. Kler argues that the sentence imposed in one of the counts should be vacated.
 
 
 12
 When more than one conviction is obtained "from a single criminal undertaking involving drugs, and each offense is committed at virtually the same time, in the same place, and with the same participants, the punishments should not be compounded." United States v. Palafox, 764 F.2d 558, 562 (9th Cir.1985) (en banc). Accordingly, we affirm Kler's convictions but vacate his sentences for the manufacture of 100 or more marijuana plants and for possession with intent to distribute marijuana. We further remand to the district court for resentencing. On remand, Kler may be resentenced either for the manufacture of 100 or more marijuana plants or for possession with intent to distribute marijuana, but not both. United States v. Touw, 769 F.2d 571, 574 (9th Cir.1985).
 
 IV
 
 13
 AFFIRMED in part; REVERSED and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3