977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Keith HILL, Defendant-Appellant.
 No. 91-10545.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Decided Oct. 5, 1992.
 
 1
 Before ALARCON, CYNTHIA HOLCOMB HALL, Circuit Judges and DWYER* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard Keith Hill ("Hill") appeals for the second time from his sentence of 105 months, following a plea of guilty to one count of armed robbery in violation of 18 U.S.C. § 2113(a), (d). In his initial appeal to this court, Hill challenged his sentence on the ground that the district court's calculation of his criminal history erroneously included a 1968 California state conviction in which he pleaded guilty to assault to commit murder, robbery, receiving stolen property and auto theft. Hill argued that the inclusion of this conviction in the calculation of his sentence was improper, because the record failed to show that the 1968 guilty plea was obtained after a knowing and voluntary waiver of rights.
 
 
 4
 This court remanded the case and ordered an evidentiary hearing to determine whether the guilty plea Hill made in 1968 was entered knowingly and voluntarily. The district court found the plea valid, and therefore ruled that Hill's 1968 conviction was properly included in the sentencing calculation for his current offense. The district court then reinstated the original sentence of 105 months.
 
 
 5
 Hill contends that there is insufficient evidence to support the district court's conclusion that his 1968 guilty plea was made knowingly and voluntarily. He also argues that the district judge incorrectly relied on personal knowledge in finding that the judge who took the 1968 guilty plea conformed to the legal requirements for accepting a guilty plea. The Government maintains that this court erred by remanding the case for an evidentiary hearing because Hill failed to establish the invalidity of his prior conviction.
 
 
 6
 We affirm, because we conclude that the record supports the district court's finding that Hill's 1968 guilty plea was knowing and voluntary. We do not reach the question whether this court improperly remanded the case for an evidentiary hearing.
 
 I.
 
 7
 We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The voluntariness of a guilty plea is a question of law and is reviewed de novo. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 8
 In order to prove the constitutionality of Hill's 1968 guilty plea, the Government was required to demonstrate that he entered his guilty plea (1) voluntarily; (2) with an understanding of the consequences of the plea; and (3) with an understanding of the charges against him. United States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir.1984). We consider each of these three requirements in turn.
 
 A. Voluntariness
 
 9
 "[W]hen a conviction is of relatively ancient vintage," and there is no direct evidence of the manner in which the proceeding was conducted, the Government may rely on evidence of a trial court's regular practice in taking guilty pleas in order to show that a plea was voluntarily and intelligently made. United States v. Goodheim, 686 F.2d 776, 777 (9th Cir.1982). At the evidentiary hearing, the Government presented the testimony of Robert Platt, an Assistant District Attorney for Alameda County. Platt stated that he was familiar with the custom and practice of Judge Stafford Buckley in accepting guilty pleas to felonies. In view of Platt's familiarity with Judge Buckley's regular practice, and the fact that the plea was entered 24 years ago, we may properly consider Platt's testimony in determining whether Hill's 1968 guilty plea was entered into knowingly and voluntarily.
 
 
 10
 At the evidentiary hearing, Platt testified that it was Judge Buckley's consistent custom and practice to determine whether a defendant's guilty plea was voluntary before accepting it. The record reveals the following colloquy:
 
 
 11
 Q. Could you describe to us the custom and practice of Judge Buckley at that time [1968]?
 
 
 12
 A. .... He would ask him [the defendant] if anyone had promised him anything or threatened him in order to induce him to plead guilty.
 
 
 13
 * * *
 
 
 14
 Q. Would the judge question the defendant about whether this was being voluntarily--whether the plea was voluntary or not?
 
 
 15
 A. He would question the defendant or his counsel at the defendant's assent.
 
 
 16
 * * *
 
 
 17
 THE COURT: Was he or was he not consistent ... in the procedure he followed when he took a plea?
 
 
 18
 THE WITNESS: Yes. He was consistent in his procedure.
 
 
 19
 Hill offered no evidence to rebut Platt's testimony. The record supports the district court's conclusion that the government established that Hill's 1968 guilty plea was voluntary.
 
 B. Understanding of the Consequences
 
 20
 The record establishes that persons who pled guilty before Judge Buckley in 1968 were advised of the consequences of their plea. Platt testified as follows:
 
 
 21
 Q. Could you describe to us the custom and practice of Judge Buckley at that time [1968]?
 
 
 22
 A. Well, if he was going to take and [sic] guilty plea, most of the dialogue would be between him and the defense lawyer, and or the prosecutor. He would ask what the defendant was going to plead to, if he'd had time to consult with his counsel, if he knew what was going to happen to him.
 
 
 23
 * * *
 
 
 24
 Q. And would he [Judge Buckley] advise the defendant of the penalties for the counts to which the defendant [was] going to plead guilty?
 
 
 25
 A. Either the judge would, or the defense lawyer would articulate it, or the prosecutor did.
 
 
 26
 Hill points out, however, that Platt's testimony does not show that Judge Buckley always performed this duty himself. Hill argues that Judge Buckley's failure personally to inform all defendants of the consequences of a guilty plea indicates that his plea may have been accepted in violation of his constitutional rights.
 
 
 27
 We have never held that a judge must inform the defendant personally of the consequences of a guilty plea. In Munich v. United States, 337 F.2d 356 (9th Cir.1964), overruled on other grounds, Heiden v. United States, 353 F.2d 53, 55 (9th Cir.1965), for example, we held that a guilty plea may be accepted if the defendant's attorney informed him of the possible result of a guilty plea. Id. at 359, n. 5. Platt's testimony demonstrates that if Judge Buckley did not explain the consequences to a defendant, then one of the attorneys did. Under our discussion in Munich, the fact that Judge Buckley may not have personally explained to Hill the consequences of his plea is immaterial.
 
 
 28
 C. Understanding of the Nature of the Charges
 
 
 29
 Finally, we conclude that the record shows that Hill understood the nature of the charges against him. The Government presented a Certificate of the Magistrate signed by Judge Buckley. The Certificate of the Magistrate states that Judge Buckley read the complaint to Hill. The documents submitted by the Government also show that Hill was represented by counsel. We have previously taken into account the fact that a defendant consulted with and was represented by counsel in deciding that his guilty plea was entered voluntarily and understandingly. Knowles v. Gladden, 378 F.2d 761, 766-67 (9th Cir.1967).
 
 
 30
 We are mindful that Hill waited 22 years before he challenged the validity of his 1968 conviction. He had opportunities to do so in 1973, 1983, twice in 1986, and in 1989, when criminal proceedings on other charges against him were conducted. Under the totality of the circumstances in this case, the district court did not err in finding that Hill understood the charges against him.
 
 II.
 
 31
 Hill contends that the district court relied on its own personal knowledge in finding that Judge Buckley consistently accepted guilty pleas in a manner that satisfied the requirements of the law. Hill refers to Judge Vukasin's comment, made during the evidentiary hearing, that "Judge Buckley was a good judge, I know, and I'm sure he was thorough."
 
 
 32
 The remark quoted above was taken out of context by Hill. Judge Vukasin commented as follows:
 
 
 33
 The court finds that the plea was voluntarily and intelligently made. Judge's [sic] usually have a pattern of taking pleas. I dare say, that anybody who has heard me take four or five pleas, could probably do the job just the same way I do because it's so absolutely and totally consistent. Judge Buckley was a good judge, I know, and I'm sure he was thorough. And the testimony indicates that he has an established practice and method which satisfies the requirements of the law; therefore, the court makes that finding.
 
 
 34
 (emphasis added). It is clear from these remarks that Judge Vukasin based his finding on Platt's testimony.
 
 III.
 
 35
 Because we conclude that the district court did not err in determining that Hill's plea was knowing and voluntary, we do not reach the question regarding whether the case was properly remanded for an evidentiary hearing pursuant to the first appeal.
 
 
 36
 AFFIRMED.
 
 
 
 *
 Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3