**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mervie HALWOOD, Defendant— Appellant.**

No. 04–10520.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided July 5, 2005.

Soo C. Song, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Mark A. Paige, Luhrs Tower, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, CANBY, Circuit Judge, and DUFFY,[*] Senior District Judge.

## MEMORANDUM [**]

Defendant–Appellant Mervie Halwood appeals from his conviction for assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1153, arising out of an assault on the Navajo Indian Reservation in Del Muerto, Arizona. The defendant challenges the district court's decision to give a flight instruction to the jury, and the district court's refusal to declare a mistrial due to an improper question asked by the prosecutor on re-direct examination of a government witness. In addition, the defendant alleges that law enforcement's failure to record his statements violates due process. We affirm the decisions of the district court.

■ To support a flight instruction the evidence must support four different inferences: " '(1) from the defendant's behavior

to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt, to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged, to actual guilt of the crime charged.' " *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir.1988) (quoting *United States v. Myers*, 550 F.2d 1036, 1049 (9th Cir.1977)). Here, one of the group who assaulted the victim testified that the defendant was involved in beating the victim, and that both he and the rest of the group, including the defendant, fled the scene in order to avoid the police. Another witness testified that he heard the defendant yelling as he ran away from the scene of the crime. The defendant himself admitted that when he left the scene he was aware the victim was seriously injured. That evidence is sufficient to support the flight instruction.

■ The government acknowledged in its brief to this court that the prosecutor asked a question which elicited a response in violation of the district court's pre-trial order, and that the defendant promptly objected; thus, the only issue before us is whether the jury was prejudiced by the question and answer. *United States v. Sanchez–Robles*, 927 F.2d 1070, 1076 (9th Cir.1991); *see also United States v. Nelson*, 137 F.3d 1094, 1106 (9th Cir.1998) (government conceded a question was improper so the only issue was "whether the jury was prejudiced by the question"). Because " '[e]very slight excess of a prosecutor does not require that a verdict be overturned and a new trial ordered,' " we will reverse only if the " 'misconduct deprives the defendant of a fair trial.' " *Sanchez–Robles*, 927 F.2d at 1077 (quoting *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988)). Here, the miscon-

---

[*] The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

duct consisted of one question regarding a statement made by someone other than the defendant, to a witness other than the defendant. In addition, the district court properly sustained the defense objection and ordered the question and answer stricken from the record and instructed the jury to disregard both. Because the prosecutor's conduct " 'was isolated and was not inflammatory' ... reversal is not warranted." *Sanchez–Robles*, 927 F.2d at 1077 (quoting *United States v. McWilliams*, 730 F.2d 1218, 1222 (9th Cir.1984)).

█ The defendant's request that this court "exercise its supervisory power to require electronic recording of all interrogations by federal and tribal law enforcement personnel" is precluded by this court's opinion in *United States v. Coades*, 549 F.2d 1303, 1305 (9th Cir.1977) (rejecting defendant's request that the court adopt a rule requiring confessions to police be recorded in order to "insure reliability of police reports of oral confessions during custodial interrogations" because "such a rule" was a matter for consideration by Congress, not the courts). Similarly, the defendant's argument that failure to record a witness statement is tantamount to destruction of evidence fails because the government's duty to preserve evidence does not "impose a duty to *obtain* evidence." *Miller v. Vasquez*, 868 F.2d 1116, 1119–20 (9th Cir.1989) (relying upon *California v. Trombetta*, 467 U.S. 479, 488–90, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)); *see also Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

AFFIRMED.