**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10471 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cr-01557-DLR-1 |
| v. | |
| MARCO SALOMON-MACIAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted December 7, 2017**
San Francisco, California

Before: LUCERO,*** RAWLINSON, and OWENS, Circuit Judges.

Marco Salomon-Macias appeals from his jury conviction for attempted

reentry of a removed alien in violation of 8 U.S.C. § 1326. As the parties are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

familiar with the facts, we do not recount them here. We affirm.

Salomon-Macias argues that there was insufficient evidence that he had the specific intent to enter the country "free from official restraint" because he jumped a border fence with the intent to be taken into custody. *United States v. Lombera-Valdovinos*, 429 F.3d 927, 928 (9th Cir. 2005) (holding that it is not "possible to convict a previously deported alien for attempted illegal reentry . . . when he crosses the border with the intent only to be imprisoned" because "attempted illegal reentry is a specific intent crime that requires proof of intent to enter the country free from official restraint"). However, viewing the evidence in the light most favorable to the government, a rational jury could have found that Salomon-Macias did not cross the border with the sole intent to be taken into custody. The instant case differs from *Lombera-Valdovinos*, which "present[ed] a rare set of factual circumstances where there is no evidence of anything other than the intent to be taken into custody." *Id*. at 930 n.3. Salomon-Macias' reliance on *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156-57 (9th Cir. 2016), is also misplaced. In *Argueta-Rosales*, we reviewed whether the district court's legal error was harmless, rather than for sufficiency of the evidence, and noted that where "there is contradictory evidence regarding the defendant's intent, it is for the trier of fact to determine whether the government has proven unlawful intent beyond a reasonable doubt." *Id*. at 1157.

2

Similarly, contrary to Salomon-Macias' contention, viewing the evidence in the light most favorable to the government, a rational jury could have found that Salomon-Macias did not have a reasonable mistaken belief that he was a U.S. citizen. *Cf. United States v. Smith-Baltiher*, 424 F.3d 913, 923-25 (9th Cir. 2005) (holding that a defendant's reasonable mistaken belief that he is a U.S. citizen, and therefore does not need the Attorney General's permission before attempting reentry, is a defense to the specific intent crime of attempted illegal reentry).

Further, to the extent Salomon-Macias raises the district court's failure to instruct the jury regarding a reasonable mistaken belief of citizenship defense, reversal is not warranted on this basis. The district court did not abuse its discretion in determining that there was an inadequate factual basis for the instruction, and Salomon-Macias' trial counsel conceded that an instruction was unnecessary because he was not raising such a defense. *See United States v. Daane*, 475 F.3d 1114, 1119 (9th Cir. 2007) (stating that this court reviews for an abuse of discretion the denial of a defendant's jury instruction due to an inadequate factual basis).

The district court properly denied Salomon-Macias' motion to suppress his statements because the court did not clearly err in finding that the over ten-hour period between Salomon-Macias' arrest and interview was reasonable as the delay was caused by his need for medical treatment at a hospital. *See United States v.*

3

*Matus-Leva*, 311 F.3d 1214, 1217 (9th Cir. 2002) (holding that the district court properly denied a motion to suppress because the pre-arraignment delay was reasonable under the circumstances, which included providing the defendant with medical treatment).

Finally, Salomon-Macias argues that he was prejudiced and did not receive a fair trial because in rebuttal closing argument the prosecutor misstated the law. However, any error was harmless. *See United States v. McWilliams*, 730 F.2d 1218, 1222 n.3 (9th Cir. 1984) (per curiam) (holding that harmless, rather than plain, error standard of review applies where counsel fails to object but the "trial judge recognizes error and acts on his or her own initiative to correct the error"). Any risk of prejudice was mitigated by the district court's sua sponte curative instruction, which immediately followed and was focused upon the allegedly improper remarks. *See United States v. Barragan*, 871 F.3d 689, 709 (9th Cir. 2017) ("A curative instruction can neutralize the harm of a prosecutor's improper statements if it is given immediately after the damage [is] done and mentions the specific statements." (citation and internal quotation marks omitted)). Moreover, before closing argument, the district court properly instructed the jury, and the prosecutor correctly stated the law in her initial closing argument. *See United States v. Begay*, 673 F.3d 1038, 1046-47 (9th Cir. 2011) (en banc).

**AFFIRMED**.